[Cite as *State ex rel. Kingsley v. State Emp. Relations Bd.,* 130 Ohio St.3d 333, 2011-Ohio-5519.]

THE STATE EX REL. KINGSLEY, APPELLANT, *v.* STATE EMPLOYMENT

RELATIONS BOARD, APPELLEE.

[Cite as *State ex rel. Kingsley v. State Emp. Relations Bd.,*

**130 Ohio St.3d 333, 2011-Ohio-5519.**]

*Public employees—Change to unclassified status and removal from employment—Availability of appeal to State Personnel Board of Review precludes relief by mandamus—Constitutional claims in administrative appeals.*

(No. 2011-0441—Submitted September 6, 2011—Decided November 1, 2011.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-1085, 2011-Ohio-428.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment dismissing the complaint of appellant, Kay A. Kingsley, a former administrative law judge ("ALJ") for appellee, State Employment Relations Board ("SERB"), for a writ of mandamus to declare Am.Sub.H.B. No. 1 of the 128th General Assembly ("H.B. 1") unconstitutional and to compel SERB to recognize Kingsley as a classified employee and reinstate her to her former position. Because Kingsley had an adequate remedy at law by way of her civil-service appeal to raise her claims, we affirm the judgment of the court of appeals.

**Facts**

**{¶ 2}** According to Kingsley's complaint for a writ of mandamus, SERB appointed her as an ALJ, which was a classified position, in January 1999. Effective July 17, 2009, the General Assembly enacted H.B. 1, the biennial budget bill. The bill revised R.C. 4117.02(H) by changing the position of SERB

ALJ from the classified service to the unclassified service. In October 2009, SERB terminated Kingsley's employment.

{¶ 3} On November 20, 2009, Kingsley filed a complaint in the Court of Appeals for Franklin County. She requested that the court of appeals grant a writ of mandamus to declare H.B. 1 unconstitutional as applied to her and to order SERB to recognize her as a classified employee and to reinstate her to her former ALJ position.[1] Kingsley claimed that H.B. 1 is unconstitutional because it violates the one-subject rule, that the bill's amendment to R.C. 4117.02(H) should not be applied retroactively to her, and that the amendment is inapplicable to her because SERB-appointed ALJs like her remained in the classified service. SERB filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. In her memorandum in opposition, Kingsley noted that her complaint raised claims that amended R.C. 4117.02(H) is unconstitutional both facially and as applied and that the amended provision violates R.C. 1.48 if it is applied retroactively to her.

{¶ 4} In February 2011, the court of appeals granted SERB's motion and dismissed Kingsley's mandamus complaint. The court of appeals determined that Kingsley had an adequate remedy in the ordinary course of law by way of her administrative appeal.

{¶ 5} This cause is now before the court upon Kingsley's appeal as of right.

---

1. Around the same time, Kingsley appealed to the State Personnel Board of Review ("SPBR") from her termination, claiming that her reclassification was unconstitutional and that SPBR was required to hear her appeal, but that appeal was dismissed by SPBR for lack of subject-matter jurisdiction, and the court of appeals affirmed the dismissal. *Kingsley v. Ohio State Personnel Bd. of Rev.*, Franklin App. No. 10AP-875, 2011-Ohio-2227. On October 5, 2011, we declined to accept Kingsley's discretionary appeal from the court of appeals' judgment in that administrative appeal. 129 Ohio St.3d 1491, 2011-Ohio-5129, 954 N.E.2d 663.

**Legal Analysis**

{¶ 6}   Kingsley asserts that the court of appeals erred in holding that she has an adequate remedy in the ordinary course of law by way of her administrative appeal from her termination of employment as a SERB ALJ.

{¶ 7}   To be entitled to the writ, Kingsley had to establish a clear legal right to have the amended provision of H.B. 1 reclassifying her position as unclassified declared unconstitutional and to order her reinstated to her classified position as ALJ, a corresponding clear legal duty on the part of SERB to provide that relief, and the lack of an adequate remedy in the ordinary course of law.  See *State ex rel. Tempesta v. Warren*, 128 Ohio St.3d 463, 2011-Ohio-1525, 946 N.E.2d 208, ¶ 13.

{¶ 8}   Kingsley cannot prove either a clear legal right to reinstatement to her former classified position as a SERB ALJ or a corresponding clear legal duty on the part of SERB to reinstate her, because, as she concedes, there has been no final determination that she was wrongfully excluded from her employment with SERB.  See *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 10; *State ex rel. Baker v. State Personnel Bd. of Rev.* (1999), 85 Ohio St.3d 640, 644, 710 N.E.2d 706.

{¶ 9}   We discussed this principle in *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 605 N.E.2d 37.  In *Weiss*, a former employee of the Industrial Commission who was removed from the classified service and then terminated from her unclassified position petitioned for a writ of mandamus to compel her reinstatement and payment of back wages.  The former employee challenged the authority for and the constitutionality of her removal from classified service, and she also had appealed her discharge to the State Personnel Board of Review ("SPBR") and the SPBR's decision dismissing her appeal to the common pleas court.  Id.

**{¶ 10}** We denied the writ because the former commission employee had not received a final determination that her discharge from employment was wrongful:

**{¶ 11}** "[B]efore a writ of mandamus will issue to compel a classified employee's reinstatement or back pay, there must first be a final determination made in an appeal from SPBR, a local civil service commission, or other quasi-judicial authority that the employee was 'wrongfully excluded from employment.' *State ex rel. Colangelo v. McFaul* (1980), 62 Ohio St.2d 200 [201], 16 O.O.3d 239, 404 N.E.2d 745 * * *. Until this determination is made, a 'wrongful exclu[sion]' has not occurred, and mandamus does not lie. * * * Thus, mandamus is not available as a substitute for civil service appeals." Id. at 476-477.

**{¶ 12}** Similarly, the court of appeals did not err in dismissing Kingsley's mandamus claim here because Kingsley had received no final determination by either SPBR or a court in a further appeal that she had been wrongfully terminated from her former classified civil-service position with SERB.

**{¶ 13}** Moreover, Kingsley had an adequate remedy by way of her civil-service appeal from her discharge from employment. "Mandamus will not issue when the relators have an adequate remedy in the ordinary course of law." *State ex rel. Voleck v. Powhatan Point*, 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 7; R.C. 2731.05. "The alternate remedy must be complete, beneficial, and speedy in order to be an adequate remedy at law." *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 31.

**{¶ 14}** R.C. 124.03(A) confers appellate jurisdiction on SPBR to hear appeals of classified state employees from decisions discharging them from employment. " 'The State Personnel Board of Review has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, *regardless of how they have been designated by their appointing authorities*.' (Emphasis added.)" *State ex rel. Fenwick v. Finkbeiner*

4

(1995), 72 Ohio St.3d 457, 459, 650 N.E.2d 896, quoting *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355, paragraph two of the syllabus.  And further appeals can be made to the court of common pleas pursuant to R.C. 119.12, which provides, "Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *."

**{¶ 15}** "An administrative appeal generally provides an adequate remedy in the ordinary course of law that precludes extraordinary relief in mandamus." *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 23.  "Mandamus may not be employed as a substitute for a civil-service appeal." *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 9.

**{¶ 16}** Although Kingsley acknowledges this general rule, she contends that there should be an exception when constitutional challenges are made.  Her claims, however, lack merit for the following reasons.

**{¶ 17}** First, Kingsley's mandamus claims included her nonconstitutional claim that the H.B. 1 amendment declassifying the position of SERB ALJ was inapplicable to her because SERB-appointed ALJs like her remained in the classified service.  She manifestly had an adequate remedy in the ordinary course of law by way of her appeal to SPBR and further appeal to the court of common pleas from the adverse SPBR decision to raise her claim that she "remained a classified employee and that she was improperly removed from the classified service." *State ex rel. Glasstetter v. Rehab. Servs. Comm.*, 122 Ohio St.3d 432, 2009-Ohio-3507, 912 N.E.2d 89, ¶ 28.

**{¶ 18}** Second, Kingsley had an adequate remedy by her civil-service appeal to raise her claim that the H.B. 1 amendment that removed her from the classified service is unconstitutional both on its face and as applied to her.  To be sure, "[i]t is settled that an administrative agency is without jurisdiction to

determine the constitutional validity of a statute." *State ex rel. Columbus S. Power Co. v. Sheward* (1992), 63 Ohio St.3d 78, 81, 585 N.E.2d 380. But we have also recognized that facial and as-applied constitutional challenges can be raised on further appeal from an administrative agency to a court. See *Reading v. Pub. Util. Comm.*, 109 Ohio St.3d 193, 2006-Ohio-2181, 846 N.E.2d 840, ¶ 16 (facial constitutional challenge can be raised for the first time in appeal from administrative agency, and as-applied constitutional challenge must be raised first in the agency to allow the parties to develop an evidentiary record).

{¶ 19} More important, we held in *Weiss*, 65 Ohio St.3d 470, 605 N.E.2d 37, that the discharged employee had an adequate remedy in the ordinary course of law by way of a civil-service appeal, and that employee had specifically claimed, as Kingsley does here, that her removal from the classified service of the state was unconstitutional.

{¶ 20} Third, the mere fact that pursuing her administrative appeal may result in more delay and expense does not render it inadequate. " '[T]he fact that the R.C. 119.12 appeal process may encompass more delay and inconvenience than a mandamus action does not prevent such appeal from constituting a plain and adequate remedy at law.' " *State ex rel. Sohi v. Williams* (1997), 80 Ohio St.3d 492, 493-494, 687 N.E.2d 454, quoting the court of appeals opinion in the case. "Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus; *Turner*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 10; *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 14 ("Any claims of delay or inconvenience from pursuing its administrative appeal do not

prevent the village's appeal from constituting a plain and adequate remedy in the ordinary course of the law").

{¶ 21} Fourth, Kingsley is also mistaken that any claim of bias against a SERB member that affects her due-process rights could not be adequately raised in the context of the administrative appeal. See *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 19 (administrative appeal constituted adequate remedy to raise claim that administrative agency deprived litigant of due-process rights). In fact, notwithstanding her argument to the contrary, SPBR is a separate entity from SERB. R.C. 124.03(B) ("The state personnel board of review shall exist as a separate entity within the administrative structure of the state employment relations board"). And in the absence of any evidence to the contrary, administrative officers and public boards like SPBR are presumed to have properly performed their duties in a lawful, impartial manner. See *State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5770, 938 N.E.2d 1028, ¶ 34; *West Virginia v. Ohio Hazardous Waste Facility Approval Bd.* (1986), 28 Ohio St.3d 83, 86, 28 OBR 179, 502 N.E.2d 625.

{¶ 22} Finally, Kingsley has already exercised her right to appeal her removal from her position as a SERB ALJ to SPBR and has appealed the SPBR decision dismissing her appeal to the court of common pleas, the court of appeals, and this court. The mere fact that she has already unsuccessfully invoked her appellate remedy does not thereby entitle her to the requested extraordinary relief in mandamus. See generally *State ex rel. Bell v. Madison Cty. Bd. of Commrs.*, 128 Ohio St.3d 357, 2011-Ohio-527, 944 N.E.2d 659, ¶ 3; *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas*, 119 Ohio St.3d 366, 2008-Ohio-4607, 894 N.E.2d 314, ¶ 12. Nor is mandamus authorized to gain successive appellate reviews of the same issue. *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶ 1.

**{¶ 23}** Therefore, it appears beyond doubt that Kingsley's mandamus claim lacks merit.

### Conclusion

**{¶ 24}** Based on the foregoing, the court of appeals properly dismissed Kingsley's complaint because she did not set forth a viable claim for the requested extraordinary relief in mandamus.  She had an adequate remedy by way of her civil-service appeal to raise her claims.  Therefore, we affirm the judgment of the court of appeals dismissing the mandamus complaint.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Kingsley Law Office and James R. Kingsley, for appellant.

Michael DeWine, Attorney General, and Michael C. McPhillips, Assistant Attorney General, for appellee.

_____