[Cite as *Katherine's Collection, Inc. v. Kleski*, 2013-Ohio-1530.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KATHERINE'S COLLECTION, INC., et al.          C.A. No.          26477

    Appellees

    v.                                             APPEAL FROM JUDGMENT
                                               ENTERED IN THE
WAYNE M. KLESKI, et al.                        COURT OF COMMON PLEAS
                                               COUNTY OF SUMMIT, OHIO
    Appellants                                 CASE No.          CV2011-07-4032

DECISION AND JOURNAL ENTRY

Dated: April 17, 2013

MOORE, Presiding Judge.

{¶1}    Appellants, Wayne and Katherine Kleski, appeal from an order of the Summit County Court of Common Pleas that, according to them, incorrectly modified the terms of an agreed preliminary injunction.  Because the Kleskis have appealed from an order that is not final and appealable, we dismiss the appeal for lack of jurisdiction.

I.

{¶2}    Although the parties' briefs recount an extensive history to this litigation, most of those facts are not relevant to this appeal.  This case involves a struggle for control of Katherine's Collection, a company that designs, manufactures, and sells collectible dolls and other gift items.  The Kleskis started the business in the late 1980s operating out of their home.  Over the next 20 years, the business grew substantially and was selling its products throughout the world.  The Kleskis retained sole ownership and control of the company.

{¶3} During 2009 and 2010, however, because the company had experienced an economic downturn, Gary Giller became involved with the company as a financial consultant. Giller's role in the company increased during the next year and he eventually became the chief executive officer. The Kleskis continued to act as the president and chief operating officer and the sole shareholders of Katherine's Collection.

{¶4} The working relationship between Giller and the Kleskis later deteriorated. Giller and the Kleskis ultimately accused the other of self-dealing at the expense of the company and each side took action to oust the other from the company. Of relevance here, on July 24, 2011, Giller terminated the Kleskis' employment and essentially locked them out of the business including its property, finances, and communications. The next day, Giller and Katherine's Collection (collectively "Giller") filed a complaint against the Kleskis for declaratory judgment and injunctive relief. Giller alleged that, under the terms of the Kleskis' shareholder and employment agreements with the company, Giller remained in control of the company as CEO and had properly terminated the Kleskis' employment "for cause." He sought to enjoin the Kleskis from entering the business premises of Katherine's Collection or otherwise interfering with its business, property, or communications systems. Giller later filed an amended complaint to add another plaintiff, additional tort claims, and a prayer for money damages.

{¶5} The Kleskis answered the amended complaint and counterclaimed for declaratory judgment, breach of contract, breach of fiduciary duty, libel and slander, and several other tort causes of action. In addition to a declaration of their rights under the company's articles of incorporation and their shareholder and employment agreements, the Kleskis sought money damages for the financial harm that Giller had allegedly caused to the company and to them personally as employees and owners of the company.

{¶6} During the litigation, the parties reached an agreement to preserve the status quo during the pendency of the case. On August 5, 2011, based upon the parties' agreement, the trial court issued a preliminary injunction, which gave Giller control of the company as chief executive officer and chairman of the board. It also stated that Wayne Kleski "shall remain President" and Katherine Kleski "shall remain Chief Operating Officer," that they "shall continue to be compensated by the terms of [their] Employment Agreement[s,]" and that they would "continue to be bound by the various terms of [those] Agreement[s]" throughout this case. Aside from receiving their salaries, however, the injunction provided that the Kleskis would have no employment functions or duties at Katherine's Collection and enjoined them from interfering with its business operations. Giller was also prohibited from terminating the Kleskis' employment without a further order of the court.

{¶7} On May 2, 2012, Giller moved the trial court for an order authorizing him to terminate the Kleskis' employment. He asserted that the Kleskis' employment agreements, by their explicit terms, ended on April 30, 2012. Because the preliminary injunction provided that the Kleskis would be bound by the terms of their employment agreements, Giller sought permission to terminate their employment.

{¶8} Although the Kleskis argued that Giller's construction of the preliminary injunction was incorrect and that the August 5 order had extended the terms of their employment agreements throughout this litigation, the trial court disagreed. The court concluded that the preliminary injunction had explicitly incorporated all of the terms of the employment agreements and, because the Kleskis' employment agreements had expired by their own terms, it granted Giller authority to terminate their employment. The Kleskis appeal from that order and raise one assignment of error.

II.

{¶9} Before reaching the merits of the Kleskis' appeal, this Court must raise the issue of its jurisdiction, which is limited to appeals from final orders or judgments. *Whitaker-Merrell Co. v. Geupel Const. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972); Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction.

{¶10} Because the trial court order from which the Kleskis appeal did not resolve the ultimate controversy between the parties, the order is interlocutory. Several matters may be appealed on an interlocutory basis pursuant to R.C. 2505.02(B), however. The parties agree that the only subsection of relevance here pertains to appeals from orders that grant or deny a provisional remedy. R.C. 2505.02(B)(4) provides that an order that grants or denies a provisional remedy is a final, appealable order only if it is one to which both of the following apply:

> The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

> The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4).

{¶11} The trial court's August 5, 2011, preliminary injunction qualified as an order granting a provisional remedy because a "provisional remedy" is defined in R.C. 2505.02(A)(3) to include a proceeding for a preliminary injunction. The parties dispute, however, whether the May 21, 2012 order at issue here was also one that determined a provisional remedy. The Kleskis assert that the trial court's May 21 order modified the terms of the August 5 preliminary

injunction. According to them, the preliminary injunction prohibited Giller from terminating their employment while this litigation remained pending. Giller, on the other hand, argues that the trial court's May 21 order merely enforced the existing terms of the preliminary injunction.

{¶12} This Court cannot determine whether the May 21 order modified or simply enforced the preliminary injunction without deciding the merits of the appeal, for the Kleskis' argument on appeal is that the trial court misconstrued the terms of the preliminary injunction that pertained to their continued employment. To decide whether the May 21 order is final and appealable under R.C. 2505.02(B)(4), however, this Court should not delve into the merits of the appeal. *See Bennett v. Martin*, 186 Ohio App. 3d 412, 2009-Ohio-6195, ¶ 5 (10th Dist). Instead, we examine whether the appellant has raised at least a "colorable claim" that the trial court's order satisfied the first prong of R.C. 2505.02(B)(4). *See Callahan v. Akron Gen. Med. Ctr.*, 9th Dist. No. 22387, 2005-Ohio-5103, ¶ 29. Because the Kleskis assert a colorable argument that the trial court modified the terms of the preliminary injunction, we will presume, for purposes of determining whether the May 21 order is appealable under R.C. 2505.02(B)(4), that the May 5 order satisfies the first prong of the test.

{¶13} Of greater concern here is the second prong of R.C. 2505.02(B)(4), which requires the Kleskis to demonstrate that they would be deprived of "a meaningful or effective remedy" if they cannot appeal the May 21 order now. *See* R.C. 2505.02(B)(4)(b). The Kleskis assert that waiting until after final judgment to appeal this alleged error will cause them to incur additional inconvenience and financial hardship. A delay in obtaining monetary relief is the necessary consequence of most civil litigation and that delay does not render the ultimate remedy ineffective or unmeaningful under R.C. 2505.02(B)(4)(b). *See State ex rel. Kingsley v. State Emp. Relations Bd.*, 130 Ohio St.3d 333, 2011-Ohio-5519, ¶ 20 (emphasizing, within the

analogous context of a mandamus action, that the delay and expense necessitated by an administrative appeal did not render that remedy inadequate).

{¶14} Instead, under R.C. 2505.02(B)(4), an appellant must demonstrate that effective relief will not be available after final judgment because the order determining the provisional remedy will result in something akin to a bell that cannot be unrung or a legal issue that will become moot by the time of final judgment. For example, this Court has held that an order requiring an attorney to testify about matters that are arguably protected by the attorney-client privilege and the work-product doctrine is a final, appealable order. *Amer Cunningham Co., L.P.A. v. Cardiothoracic & Vascular Surgery of Akron,* 9th Dist. No. 20899, 2002-Ohio-3986, ¶ 11. This Court has applied the same reasoning to discovery orders that require the disclosure of trade secrets or require a non-party witness to testify about information that may be confidential. *E.g.*, *Gibson–Myers & Assoc. v. Pearce,* 9th Dist. No. 19358, 1999 WL 980562 (Oct. 27, 1999); *Wessell Generations, Inc. v. Bonnifield*, 193 Ohio App.3d 1, 2011-Ohio-1294 (9th Dist.). As this Court emphasized in *Gibson-Myers*, at *2, a party has no adequate remedy on appeal after the disclosure of such information because "[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage."

{¶15} This Court has also found that an order that an attorney pay sanctions is immediately appealable. Because the attorney must pay the sanctions immediately, any error in that order cannot be adequately remedied through an appeal following the final judgment. *Dillon v. Big Trees, Inc.*, 9th Dist. No. 23831, 2008-Ohio-3264, ¶ 13. "If the order is not appealable [immediately], the attorney is left in the unenviable position of either satisfying the order, thereby mooting any appeal, or being held in contempt of court for failure to do so." *Id*.

**{¶16}** The order at issue in this appeal does not involve an analogous situation. Even if the trial court's May 21 order incorrectly modified the August 5 preliminary injunction, the impact on the Kleskis was the loss of their ongoing salaries. They have failed to demonstrate that their loss cannot be effectively remedied by money damages later. Although they argue that they also lost control of their company, they lost that control prior to the commencement of this lawsuit and they agreed, nine months before the May 21 order, to preserve the status quo through the preliminary injunction.

**{¶17}** Moreover, both the preliminary injunction and the May 21 order went to the heart of allegations and claims underlying this litigation as to who has the right to control Katherine's Collection and whether either party is entitled to relief because of the alleged torts committed by the other. The Kleskis' counterclaims specifically sought monetary damages for their financial losses allegedly caused by Giller, who took over the company and terminated their employment before this litigation commenced. This Court has held that where, as here, the provisional remedy affected the type of claims and relief that are at the heart of the underlying litigation, the order determining the provisional remedy is not immediately appealable. *McGuire v. Zarla*, 9th Dist. No. 26058, 2012-Ohio-2976, ¶ 12.

**{¶18}** The Kleskis have failed to demonstrate that money damages at the end of this litigation, or an appeal following a final judgment, could not provide them with meaningful and effective relief. Consequently, the May 21 order from which they appeal fails to satisfy the requirements of R.C. 2505.02(B)(4)(b). Because the order appealed is not final and appealable, the appeal is dismissed.

Appeal dismissed.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶19} I cannot agree with the majority that the Kleskis would be afforded a meaningful or effective remedy by an appeal following final judgment in this litigation. The parties had reached a collateral agreement, as reflected in the August 5 preliminary injunction, that the Kleskis would continue to receive their salaries throughout this litigation. The trial court's May 21 modification of that independent agreement, although part of the underlying litigation, will not likely be addressed again by the trial court. Because the Kleskis may have forever lost their right to challenge the alleged breach of the August 5 agreement, I believe that this Court has jurisdiction to address the merits of their appeal. For that reason, I respectfully dissent.

APPEARANCES:

JACK MORRISON, JR. and THOMAS R. HOULIHAN, Attorneys at Law, for Appellants.

RICHARD P. GODDARD, Attorney at Law, for Appellees.

JEFFREY BADDELEY, Attorney at Law, for Appellees.