[Cite as *Gardner v. Ford*, 2015-Ohio-4242.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTOPHER GARDNER, | : | APPEAL NO. C-150018 |
| | | TRIAL NO. A-1306451 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JOSEPH L. FORD, III, | : | |
| Defendant, | : | |
| and | : | |
| JUSTIN FORD, | : | |
| and | : | |
| JOSEPH FORD, IV, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| KRISTINE KLEVE LAWSON, | | |
| Defendant. | | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  October 14, 2015

*Gottesman & Associates, LLP*, and *Zachary Gottesman*, for Plaintiff-Appellee,

*Droder & Miller Co., L.P.A., Richard J. Rinear* and *Edward J. Collins*, for Defendants-Appellants.

**DEWINE, Judge.**

{¶1}   This is an appeal of a trial court's denial of a motion to dismiss for lack of personal jurisdiction.  We do not reach the merits of the appeal, because the denial of such a motion is not a final order.  We therefore dismiss the appeal.

## I. Background

{¶2}   This is yet another episode in a long saga of litigation involving a rare 1957 Ferrari.  (For the curious, *see Swaters v.* Lawson, 1st Dist. Hamilton Nos. C-130604 and C-130627, 2014-Ohio-2252, and *Swaters v. Lawson*, 1st Dist. Hamilton Nos. C-140270, C-140334 and C-140361, 2015-Ohio-858.)   In the present lawsuit, Christopher Gardner sued a number of defendants alleging the misuse of funds he provided for the purchase of parts of the Ferrari.  Mr. Gardner contends that Joseph Ford III misappropriated the money and transferred a portion of the ill-gotten funds to his sons Justin Ford and Joseph Ford IV.  Justin Ford and Joseph Ford IV, who live in Florida, filed a motion to dismiss for lack of personal jurisdiction.  The court denied the motion, and the two younger Fords appealed.

## II. No Final Appealable Order

{¶3}   As a threshold matter, we address whether the trial court's order was a final order.  Courts of appeals have jurisdiction only to review trial courts' final orders.  Ohio Constitution, Article IV, Section 3(B)(2).  Under the final-judgment rule, "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits * * * ."  *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).  "Restricting appellate review to 'final decisions' prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition

of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

{¶4}    As a general rule, denials of motions to dismiss are not final orders. *See Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d. 213 (1993); *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199; *Rigsby v. Albright*, 10th Dist. Franklin No. 10AP-288, 2010-Ohio-5630.   The rule extends to denials of motions to dismiss for lack of personal jurisdiction. *Matus v. S. Farm Bur. Life Ins. Co.*, 5th Dist. Ashland No. CA 1088, 1994 Ohio App. LEXIS 6145 (Dec. 22, 1994); *Burns v. Burns*, 10th Dist. Franklin No. 86AP-1110, 1987 Ohio App. LEXIS 7852 (July 7, 1987).

{¶5}    Notwithstanding the general rule, the Fords insist that our appellate jurisdiction is invoked under R.C. 2505.02(B)(4), which provides that an order granting or denying a provisional remedy is a final order if both of the following apply:

 (a)   The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b)  The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

The Fords maintain that the court's order denied them a provisional remedy and that, if they were made to wait to appeal until there was a final judgment in the action, they would be denied an effective remedy, given the high legal fees and costs that would be necessary to defend themselves.

{¶6}    Thus, the first question is whether the order constitutes a provisional remedy.  A provisional remedy is "a proceeding ancillary to an action * * * ."  R.C.

2505.02(A)(3). The Ohio Supreme Court has defined "ancillary proceeding" as one "that is attendant upon or aids another proceeding." *State v. Muncie*, 91 Ohio St.3d 440, 444, 449, 746 N.E.2d 1092 (2001). Applying that definition, the court concluded that a motion to dismiss on double-jeopardy grounds qualified as a provisional remedy because it is "certainly 'attendant' upon the underlying prosecution * * * ." *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 49. We need not decide whether the definition would extend to a motion to dismiss for lack of personal jurisdiction, because we conclude the order does not meet R.C. 2505.02(B)(4)(b)'s requirement of a lack of meaningful remedy upon appeal following a final judgment.

{¶7} The Ohio Supreme Court has provided guidance about when a party seeking to appeal an order denying a provisional remedy would not have meaningful or effective relief if his appeal had to wait until final judgment. "In some instances, 'the proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." *Muncie* at 451. Thus, an interlocutory order authorizing the forced medication of an incompetent defendant was found to be a final order. *Id.* at 451-452. Once the medication was administered, its effects would be difficult—if not impossible—to undo.

{¶8} In contrast, the prospect of high litigation costs does not make a remedy following final judgment unmeaningful or ineffective. "A delay in obtaining monetary relief is the necessary consequence of most civil litigation and that delay does not render the ultimate remedy ineffective or unmeaningful under R.C. 2505.02(B)(4)(b)." *Katherine's Collection, Inc. v. Kleski*, 9th Dist. Summit No. 26477, 2013-Ohio-1530, ¶ 13. Likewise, in applying substantially similar federal law, the United States Supreme Court "has declined to find the costs associated with

4

unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order." *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). Thus, a foreign cruise line was forced to litigate personal-injury and wrongful-death claims to conclusion in an American court before it could challenge the trial court's denial of its motion to dismiss based upon a forum-selection clause in which the passengers had agreed to litigate their claims in Italy. *Id.* at 501.

{¶9} A limited exception to the general rule was found in *Sinnott v. Aqua-Chem, Inc.,* 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217. That case dealt with a new statutory scheme enacted to deal with the special problems presented by asbestos litigation. The legislation required administrative dismissal of asbestos claims in which plaintiffs failed to make prima-facie showings of certain minimum medical criteria. In concluding that an order denying dismissal of such claims was appealable under R.C. 2505.02(B)(4), the court looked to the expressed legislative purpose of conserving resources for sick claimants by limiting lawsuits by less worthy claimants. It recognized that "as a general rule, 'contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit.' " *Id.* at ¶ 25, citing *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 626, 665 N.E.2d 212 (1996). But "[i]n the *limited* context of asbestos litigation, where preservation of resources for the benefit of those actually manifesting injury is a stated purpose of the General Assembly, [the court determined] the incurrence of unnecessary trial expenses is an injury that cannot be remedied by an appeal from a final judgment." *Id.* at ¶ 26. (Emphasis added.) We take the Supreme Court at its word that the exception in *Sinnott* is "limited" to the special problem of asbestos litigation.

{¶10} The one outlier case is a recent Twelfth Appellate District decision that found potential litigation costs sufficient to meet the R.C. 2505.02(B)(4)(b) requirement. *See Huegemann v. VanBakel*, 12th Dist. Fayette No. CA2013-08-022, 2014-Ohio-1888. That court acknowledged that "[c]ourts have found that litigation costs and delay in recovering money are generally insufficient to show the absence of a meaningful and effective remedy for purposes of R.C. 2505.02(B)(4)(b) * * * ." *Id.* at ¶ 24. But "given the circumstances of this case in which foreign defendants from not just different states but different countries are involved, [the court concluded] the litigation costs and delay in recovering money * * * that appellants undoubtedly will experience should they ultimately prevail in the litigation *are* sufficient to establish the absence of a meaningful and effective remedy for purposes of R.C. 2505.02(B)(4)(b)." *Id.*

{¶11} We are not persuaded by *Huegemann's* logic and decline to disturb decades of case law to the contrary. That the Fords face high legal costs does not "essentially destroy" their ability to vindicate their claims after a final judgment is entered. "Absent a patent and unambiguous lack of jurisdiction, a postjudgment appeal from a decision overruling a motion to dismiss for lack of personal jurisdiction will provide an adequate legal remedy * * * ." *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 591-592, 752 N.E.2d 281 (2001). The trial court's denial of the Fords' motion to dismiss for lack of personal jurisdiction is not a final order. We dismiss the appeal.

Appeal dismissed.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.