[Cite as *Jones v. Gori*, 2018-Ohio-4655.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| KATHLEEN JONES, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-07-068 |
| | : | O P I N I O N |
| - vs - | | 11/19/2018 |
| | : | |
| RANDY L. GORI, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No.  17CV090481


John J. Mueller, 632 Vine Street, Suite 800, Cincinnati, OH 45202, for plaintiff-appellee

Joseph W. Borchelt, Ian D. Mitchell, 525 Vine Street, Suite 1700, Cincinnati, OH 45202, for defendants-appellants


**S. POWELL, P.J.**

{¶ 1}  This case is before the court pursuant to a motion to dismiss appeal for lack of a final appealable order filed by plaintiff-appellee, Kathleen Jones.  Defendants-appellants, Randy L. Gori, Gori Julian & Associates, John Barry Julian, Sara M. Salger, Erin L. Beavers, Martavious Thomas, David Todd Matthews, and Brandon Belt (collectively "Gori"), oppose Jones' motion to dismiss relying, in part, on this court's prior decision in *Huegemann v. VanBakel*, 12th Dist. Fayette No. CA2013-08-022, 2014-Ohio-1888.

{¶ 2} On November 22, 2017, Jones filed a legal malpractice suit in the Warren County Court of Common Pleas naming Gori as the defendants. Jones' legal malpractice suit stemmed from an underlying asbestos case brought in Illinois involving Jones and her now deceased husband. Gori subsequently moved to dismiss Jones' suit for lack of personal jurisdiction. The trial court denied Gori's motion to dismiss on June 7, 2018. In so holding, the trial court found the factors in favor of dismissing Jones' legal malpractice suit "for one filed in Illinois do not outweigh the factors in favor of permitting the case to remain here."

{¶ 3} On July 6, 2018, Gori filed a notice of appeal from the trial court's decision. Shortly thereafter, the trial court issued an order deeming its prior decision a final appealable order; specifically, that its "decision and entry issued by this Court on June 7, 2018 did not properly contain a Civ.R. 58(B) notice to the Warren County Clerk of Courts that the decision was a final appealable order." In reaching this decision the trial court cited this court's prior decision in *Huegemann*.

{¶ 4} In *Huegemann*, this court determined that a motion to dismiss for lack of personal jurisdiction qualified as a provisional remedy under R.C. 2505.02(B)(4), thereby rendering that decision a final appealable order. In so holding, this court determined that because foreign defendants from different countries were involved, "the litigation costs and delay in recovering money from the Huegemanns that appellants undoubtedly will experience should they ultimately prevail in the litigation *are* sufficient to establish the absence of a meaningful and effective remedy for purposes of R.C. 2505.02(B)(4)(b)." (Emphasis sic.) *Id.* at ¶ 24.

{¶ 5} This court's decision in *Huegemann* has not been relied on by any court following its release. This court's decision has instead been called into question by two of our sister districts; namely, the First District Court of Appeals in *Gardner v. Ford*, 1st Dist.

Hamilton No. C-150018, 2015-Ohio-4242 and the Eighth District Court of Appeals in *Nejman v. Charney*, 8th Dist. Cuyahoga No. 102584, 2015-Ohio-4087. This was due in part to what the First District characterized in *Gardner* as "decades of case law to the contrary." *Id.* at ¶ 11.

{¶ 6} In reviewing our decision in *Huegemann* in light of the contrary holdings issued by the First and Eighth Districts in *Charney* and *Ford*, we find *Huegemann* was incorrectly decided. The denial of a motion to dismiss based on lack of personal jurisdiction does not satisfy the requirements for a provisional remedy because it was directed toward resolution of the main action itself and does not involve a proceeding ancillary to the main action as required by R.C. 2505.02(A)(3). Further, as noted by the Ohio Supreme Court, "[a]bsent a patent and unambiguous lack of jurisdiction, a post-judgment appeal from a decision overruling a motion to dismiss for lack of personal jurisdiction will provide an adequate legal remedy[.]" *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 591 (2001). Therefore, based upon the well-settled principle that a trial court's decision denying a motion to dismiss for lack of personal jurisdiction is not a final appealable order, *see Gardener* at ¶ 11, this court's decision in *Huegemann* is hereby overruled and will not be followed.

{¶ 7} The motion to dismiss this appeal for lack of a final appealable order is granted and this appeal is hereby dismissed with prejudice.

{¶ 8} Appeal dismissed.

M. POWELL, J., concurs.

HENDRICKSON, J. concurs in judgment only.

**HENDRICKSON, J., concurring in judgment only.**

{¶ 9} I agree with this court's decision to grant Jones' motion to dismiss for lack of

a final appealable order. I write separately, however, to note my disagreement with this court's decision to overrule *Huegemann v. VanBakel*, 12th Dist. Fayette No. CA2013-08-022, 2014-Ohio-1888.

{¶ 10} This court's decision in *Huegemann* dealt with a singularly unique set of facts and circumstances that, in my opinion, obligated this court to find the motion to dismiss for lack of personal jurisdiction at issue in that case was a final appealable order subject to review. This is because, as this court stated in *Huegemann*:

> [G]iven the circumstances of this case in which foreign defendants from not just different states but different countries are involved, we conclude that the litigation costs and delay in recovering money from the Huegemanns that appellants undoubtedly will experience should they ultimately prevail in the litigation *are* sufficient to establish the absence of a meaningful and effective remedy for purposes of R.C. 2505.02(B)(4)(b).

(Emphasis sic.) *Id.* at ¶ 24.

This holding was necessary despite the well-settled principle that a trial court's decision denying a motion to dismiss for lack of personal jurisdiction is not normally considered a final appealable order.

{¶ 11} Unlike in *Huegemann*, this case does not present such a singularly unique set of facts and circumstances that would necessitate a similar result here. The record in this case is clear that the parties involved are within close proximity to one another; Jones residing in Ohio with Gori in Illinois. This is markedly different from *Huegemann* in which the foreign defendants were not just from different states but different countries. Therefore, contrary to the unique facts and circumstances presented in *Huegemann*, I find under the facts and circumstances of this case that any litigation costs and delay in recovering money damages should Jones ultimately prevail in this case are insufficient to establish the absence of a meaningful and effective remedy for purposes of R.C. 2505.02(B)(4)(b).

{¶ 12} Such a holding is admittedly fact-based. But, as this court is well-aware, many

- 4 -

cases turn on the unique facts and circumstances presented for review. The facts and circumstances, coupled with the applicable law, are then used to issue what this court believes to be a just and verdant decision. *See, e.g., Martin v. Durrani*, 12th Dist. Butler Nos. CA2016-01-022 and CA2016-01-023, 2016-Ohio-5472, ¶ 15 (finding the trial court abused its discretion by granting appellees' motion for a new trial "based on the unique facts and circumstances" presented). I see no reason why this court, or any other court, should abstain from considering the unique facts and circumstances of each case to determine whether a motion to dismiss for lack of personal jurisdiction constitutes a final appealable order subject to review.

{¶ 13} The application of this fact-based test may lead to varying results in seemingly similar circumstances. However, just as when applying the test to determining whether offenses are allied offenses of similar import, the application of this test "'may result in varying results for the same set of offenses in different cases. But different results are permissible'" when making such an "'inherently subjective determination.'" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-99, ¶ 32, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 52. Therefore, considering the great significance that the facts and circumstances of each case present, I disagree with this court's decision to overrule *Huegemann*. This is because, as noted above, the unique facts and circumstances of each case are critical in determining whether a motion to dismiss for lack of personal jurisdiction constitutes a final appealable order subject to review.

{¶ 14} In light of the foregoing, while I agree with this court's decision to granting Jones' motion to dismiss for lack of a final appealable order in this case, I must concur in judgment only.