[Cite as *Alcon Mechanical Piping, Inc. v. Austin Rubber Co., L.L.C.*, 2019-Ohio-1406.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ALCON MECHANICAL PIPING, INC., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0105** |
| AUSTIN RUBBER COMPANY, LLC, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas,
Case No. 2018 CV 01116.

Judgment: Appeal dismissed.


*Thomas J. Lipka*, Manchester Newman & Bennett, LPA, The Commerce Building, Atrium Level Two, 201 East Commerce Street, Youngstown, OH 44503 (For Plaintiff-Appellee).

*Jonathan T. Hyman,* Eton Tower, Suite 600, 28601 Chagrin Boulevard, Cleveland, OH 44122 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellee, Alcon Mechanical Piping, Inc. ("Alcon"), initiated this action against appellant, Austin Rubber Company, LLC ("Austin"), on June 18, 2018, for breach of contract, unjust enrichment and action on account. Austin filed a motion to dismiss the matter for lack of personal jurisdiction and Alcon opposed. In a November 13, 2018 entry, the Trumbull County Court of Common Pleas denied Austin's motion to dismiss. The instant appeal ensued.

{¶2} On January 15, 2019, this court issued an entry indicating that there did not appear to be a final appealable order and instructing Austin to show cause why the appeal should not be dismissed. To date, no response has been filed.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action*. Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed*. Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Generally, denials of motions to dismiss are not final appealable orders. *Dave v. Dave*, 11th Dist. Portage No. 2016-P-0020, 2016-Ohio-5185, at ¶ 12. This also extends to the denial of a motion to dismiss for lack of personal jurisdiction. *Rockaway Park Holdings Corp. v. Davey Kent, Inc.*, 11th Dist. Portage No. 2018-P-0073, 2018-Ohio-4728; *Gardner v. Ford*, 1st Dist. Hamilton No. C-150018, 2015-Ohio-4242, ¶ 4; *Jones v. Gori,* 12th Dist. Warren No. CA2018-07-068, 2018-Ohio-4655.

{¶5} Here, the trial court's order does not fit within any of the categories of R.C. 2505.02(B). The only ruling that has been made so far is the trial court's denial of Austin's motion to dismiss, which did not resolve the issues between the parties. Austin will have an opportunity to advance its arguments by way of a direct appeal or cross-appeal upon

2

resolution of all claims in the underlying case. We therefore discern no need for immediate review.

{¶6} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

{¶7} Appeal dismissed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.