[Cite as *Total Quality Logistics, L.L.C. v. Johnson*, 2022-Ohio-428.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | |
| Appellee, | : | CASE NO. CA2021-07-039 |
| | : | O P I N I O N |
| - vs - | | 2/14/2022 |
| | : | |
| JEREMIAH D. JOHNSON, et al., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019 CVH 01170

Lindhorst & Dreidame Co., LPA, and Barry F. Fagel, for appellee.

Everly McMahon Copetas LLC, and David A. Eberly, for appellants.

**S. POWELL, J.**

{¶ 1} Appellants, Jeremiah D. Johnson and Biewer Logistics, LLC ("Biewer"), appeal the decision of the Clermont County Court of Common Pleas overruling their Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction in a suit brought against them by appellee, Total Quality Logistics, LLC ("TQL"). For the reasons outlined below, we dismiss

this appeal for lack of a final appealable order.[1]

**Facts and Procedural History**

{¶ 2} TQL is a freight broker and third-party logistics company headquartered in Clermont County, Ohio. Johnson is a former employee of TQL who worked for TQL as a logistics account executive for approximately five months between April 23, 2018 through September 26, 2018. As part of his employment with TQL, Johnson executed an employee non-compete, confidentiality, and non-solicitation agreement ("Agreement"). After Johnson's employment with TQL ended, Johnson accepted a position and began working for Biewer. Biewer is a direct competitor of TQL located in the state of Michigan.

{¶ 3} On September 20, 2019, TQL filed a complaint against Johnson and Biewer. In its complaint, TQL alleged Johnson had violated the Agreement when he began working for Biewer prior to the expiration of the Agreement's one-year restrictive covenant. TQL also alleged that Johnson had breached the Agreement by misappropriating TQL's confidential information and trade secrets. Based on these allegations, TQL asserted claims of breach of contract and breach of fiduciary duty against Johnson, as well as a claim of misappropriation of trade secrets against both Johnson and Biewer. TQL also asserted a claim of intentional interference with a contract against Biewer.

{¶ 4} On October 29, 2019, Johnson and Biewer filed a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction. After holding a hearing on the matter, during which the trial court heard arguments from both parties without taking any additional evidence, the trial court issued a decision on June 18, 2021 denying Johnson's and Biewer's motion. In so holding, the trial court initially determined that, as it relates to Johnson, TQL had made a "prima facie showing that jurisdiction is appropriate in Clermont County, Ohio due to the

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

valid and enforceable selection clause in the Agreement." The trial court also found that it had personal jurisdiction over Biewer because "the long-arm statute, and civil rules, allow for jurisdiction in this case," and because "a prima facie showing has been made as to Due Process considerations."

{¶ 5} On July 13, 2021, the trial court issued a supplemental, nunc pro tunc, decision denying Johnson's and Biewer's motion to dismiss for lack of personal jurisdiction. In its supplemental decision, the trial court noted that Johnson and Biewer, "in filing their motion to dismiss, believe they sought a provisional remedy as defined by Ohio Revised Code § 2505.02(A)(3)." The trial court also noted, in pertinent part, the following:

> In the event an appeal is taken after a trial on the merits, and this Court's Decision reversed at that time, Defendants contend they will have unnecessarily subjected themselves to jurisdiction of this Court, expended untold resources in time, travel, attorneys' fees, costs, etc., only to perhaps have the matter dismissed and refiled in Michigan, where the parties would have to begin the litigation anew.

The trial court then determined that, based on Johnson's and Biewer's claims, which included their claim that "the determination of jurisdiction is critical," as well as their claim that "the judicial economies would be better served if an appeal may be immediately taken from the Decision," there was no just reason for delay pursuant to Civ.R. 54(B).

{¶ 6} On July 15, 2021, Johnson and Biewer filed a notice of appeal from the trial court's supplemental, nunc pro tunc, decision denying their motion to dismiss for lack of personal jurisdiction.

### Johnson's and Biewer's Appeal

{¶ 7} In support of their appeal, Johnson and Biewer challenge the trial court's decision denying their Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction, raising the following single assignment of error for review.

{¶ 8} THE TRIAL COURT IMPROPERLY OVERRULED DEFENDANTS /

- 3 -

APPELLANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

{¶ 9} Johnson and Biewer argue the trial court erred by denying their Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction. However, as this court recently stated, it is a well-settled principle that a trial court's decision to deny a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction is not a final appealable order. *Jones v. Gori*, 12th Dist. Warren No. CA2018-07-068, 2018-Ohio-4655, ¶ 5, 6 (noting the "well-settled principle" that "a trial court's decision denying a motion to dismiss for lack of personal jurisdiction is not a final appealable order"), citing *Garden v. Ford*, 1st Dist. Hamilton No. C-150018, 2015-Ohio-4242, ¶ 4, 11 (noting the "decades of case law" that hold a trial court's decision denying a motion to dismiss for lack of personal jurisdiction is not a final appealable order); and *Nejman v. Charney*, 8th Dist. Cuyahoga No. 102584, 2015-Ohio-4087, ¶ 5, 27 ("[t]his court has long held that an order denying a motion to dismiss for lack of personal jurisdiction does not determine the action, does not prevent judgment, and is not a final, appealable order"). This is because, as this court stated in *Jones*:

> The denial of a motion to dismiss based on lack of personal jurisdiction does not satisfy the requirements for a provisional remedy because it was directed toward resolution of the main action itself and does not involve a proceeding ancillary to the main action as required by R.C. 2505.02(A)(3). Further, as noted by the Ohio Supreme Court, "[a]bsent a patent and unambiguous lack of jurisdiction, a post-judgment appeal from a decision overruling a motion to dismiss for lack of personal jurisdiction will provide an adequate legal remedy[.]"

*Id.* at ¶ 6, quoting *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 591 (2001).

{¶ 10} The case law on this matter is abundant and, generally, without exception. *See Cooney v. Radostitz*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 16 ("[t]he rule that the denial of a motion to dismiss is not a final order applies with 'equal force' to motions to dismiss that challenge personal jurisdiction and subject matter jurisdiction"); *Goree v. Northland Auto Ent.*, 8th Dist. Cuyahoga No. 108881, 2020-Ohio-3457, ¶ 29 ("[a]n

- 4 -

order denying a motion to dismiss for lack of personal jurisdiction is not a final, appealable order and cannot be reviewed by this court"); *Rockaway Park Holdings Corp. v. Davey Kent, Inc.*, 11th Dist. Portage No. 2018-P-0073, 2018-Ohio-4728, ¶ 4, 5 (a trial court's decision denying a motion to dismiss for lack of personal jurisdiction is not a final appealable order and, "[t]hus, this court is without jurisdiction to consider this appeal"); *State ex rel. DeWine v. Purdue Pharma L.P.*, 4th Dist. Ross No. 18CA3668, 2018-Ohio-4982, ¶ 9 ("[a]n order denying a motion to dismiss for lack of personal jurisdiction is not a final, appealable order"). *See also Nejman*, 2015-Ohio-4087 at ¶ 19 (appellant's motion to dismiss for lack of personal jurisdiction was not a final appealable order); *Paulson v. Seifert*, 2d Dist. Greene No. 90 CA 115, 1993 Ohio App. LEXIS 3543, *3 (July 16, 1993) (a judgment entry, in which a trial court does nothing more than declare it has personal jurisdiction over a party and subject matter jurisdiction to entertain a motion, is not a final appealable order); and *Burns v. Burns*, 10th Dist. Franklin No. 86AP-1110, 1987 Ohio App. LEXIS 7852, *2 (July 7, 1987) ("[t]here is no more reason to hold that an interlocutory order overruling a motion to dismiss for lack of personal jurisdiction is a final appealable order in this action than the same order in any other civil action. In both instances, defendant may assert that error, if prejudiced, by an appeal of a final judgment entered against him").

{¶ 11} This holds true even in circumstances where, as here, there is a potential for high litigation costs. *See, e.g., Bob Sumerel Tire Co. v. Interstate NDT, Inc.*, 1st Dist. Hamilton No. C-160899, 2017 Ohio App. LEXIS 3571, *3 (Aug. 18, 2017) ("the trial court's denial of Interstate's motion to dismiss for lack of personal jurisdiction is not a final appealable order because it did not prevent a judgment on the merits or deny Interstate a meaningful remedy on appeal despite the potential for high litigation costs"), citing *Katherine's Collection, Inc. v. Kleski*, 9th Dist. Summit No. 26477, 2013-Ohio-1530, ¶ 13 ("[a] delay in obtaining monetary relief is the necessary consequence of most civil litigation

and that delay does not render the ultimate remedy ineffective or unmeaningful under R.C. 2505.02[B][4][b]"), citing *State ex rel. Kingsley v. State Emp. Relations Bd.*, 130 Ohio St.3d 333, 2011-Ohio-5519, ¶ 20 (emphasizing, within the analogous context of a mandamus action, that the delay and expense necessitated by an administrative appeal did not render that remedy inadequate). This is because, as noted above, there is a possibility that Johnson and Biewer may still prevail on the merits, or have the error corrected on appeal after the final judgment, thereby providing them with an adequate legal remedy. *See Matus v. Southern Farm Bureau Life Ins. Co.*, 5th Dist. Ashland No. CA 1088, 1994 Ohio App. LEXIS 6145, *2-3 (Dec. 22, 1994) (noting that, despite the trial court overruling their motion to dismiss for lack of personal jurisdiction, "[a]ppellants may still prevail on the merits; if not, appellants may insert the overruling of their motion to dismiss for lack of personal jurisdiction by an appeal of the final judgment entered against them"); *see also Nejman*, 2015-Ohio-4087 at ¶ 15 ("[a]n error in deciding personal jurisdiction can be corrected after the final judgment").

**Conclusion**

{¶ 12} In light of the foregoing, because a trial court's decision denying a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction is not a final appealable order, and because the lack of a final appealable order is a jurisdictional defect that this court cannot ignore, this appeal must be dismissed. In so holding, although we recognize that the trial court included Civ.R. 54(B) language in its supplemental, nunc pro tunc, decision indicating there was no just cause for delay, it is well-established that "'the mere addition of Civ.R. 54(B) language to what is not a final order does not transform that entry into a final appealable order.'" *Anglin v. Donohoo*, 12th Dist. Clermont No. CA2018-05-025, 2018-Ohio-4484, ¶ 16, quoting *Sason v. Shepherd*, 11th Dist. Lake No. 2007-L-199, 2008-Ohio-173, ¶ 3, citing *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993); *Barber*

- 6 -

*v. Ryan*, 12th Dist. Butler No. CA2010-01-006, 2010-Ohio-3471, ¶ 6, fn. 2 ("[a] lower court's * * * insertion of Civ.R. 54[B] language does not render appealable an otherwise nonappealable order"), citing *State ex rel. Cook v. Seneca Cty. Bd. of Commrs.*, 175 Ohio App.3d 721, 2008-Ohio-736, ¶ 16 (3d Dist.); *Bell Drilling & Prod. v. Kilbarger Constr.*, 4th Dist. Hocking No. 96CA23, 1997 Ohio App. LEXIS 2963, *9 (June 26, 1997) ("the trial court's use of the 'magic language' of Civ.R. 54[B] does not, by itself, convert a final order into a final appealable order"). Such is the case here.

{¶ 13} Appeal dismissed.

M. POWELL, P.J., and BYRNE, J., concur.

- 7 -