[Cite as *Dave v. Dave*, 2016-Ohio-5185.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| DEEPAN M. DAVE, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0020** |
| SEJAL DEEPAN DAVE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2015 DR 00166.

Judgment:  Appeal dismissed.


*Randall A. Lowry*, Randal A. Lowry & Associates, 4000 Embassy Parkway, Suite 200, Akron, OH 44333, and *Shubhra N. Agarwal*, 3766 Fishcreek Road, #289, Stow, OH 44224-4379 (For Plaintiff-Appellee).

*Joyce E. Barrett* and *James P. Reddy, Jr.,* 55 Public Square, Suite 1260, Cleveland, OH 44113 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1}    Appellant, Sejal Deepan Dave, by and through counsel of record, filed a notice of appeal from three separate judgment entries issued by the Portage County Court of Common Pleas, Domestic Relations Division.

{¶2}    The record in this matter reveals that appellant and appellee, Deepan M. Dave, were married in India on November 28, 2013.  The marriage was registered in India.  After their marriage, the parties resided in Cleveland for approximately one week,

and then they flew to Texas. A few days later, appellee returned to Ohio by himself to enter into a lease for a residence. Appellant came to Ohio for about one month before returning to Texas, where she gave birth to their child in September 2014.

{¶3} In November 2014, appellant and the infant returned to Ohio. The parties filed an application for a travel visa for the infant, and in January 2015, the three of them traveled to Bombay, India. While there, appellant and the infant went to another part of India with appellant's parents, and remained there. Appellee had some limited contact with appellant by phone.

{¶4} On April 15, 2015, appellee filed a complaint for divorce against appellant in the trial court. In May of 2015, appellant returned to Texas to file a petition for annulment or divorce.

{¶5} On July 1, 2015, appellant filed a "Notice of Filing of Special Appearance on Behalf of Defendant to Dismiss Divorce Action for Lack of Jurisdiction over Parental Rights and Responsibilities; Lack of In Personam Jurisdiction over Defendant; and Lack of In Rem Jurisdiction over the Divorce Action." Subsequently, appellant filed three supplements to her motion.

{¶6} In September 2015, the Texas court declined jurisdiction to hear the matter and ceded jurisdiction to Ohio. Appellant then filed three separate actions in India.

{¶7} In an entry dated March 10, 2016, after considering the pleadings and conferring with the Texas court, the trial court journalized that the state of Texas declined jurisdiction to hear the matter, and that the Texas judge issued a UCCJEA

Order reflecting that jurisdiction of the matter including over the parties' minor child was ceded to Portage County.

{¶8} In a separate March 10, 2016 entry, in ruling on appellant's July 1, 2015 motion to dismiss for lack of jurisdiction, lack of in personam jurisdiction and lack of in rem jurisdiction and the supplemental motions, the trial court ordered that the motion was denied. The trial court further stated that appellant's motion to dismiss on the basis of a lack of jurisdiction to make determinations relating to child custody and as related to the Hindu Marriage Act of 1955 is denied.

{¶9} In an entry dated March 21, 2016, the trial court ordered that appellant return to the United States with the parties' minor child no later than April 10, 2016; that within 48 hours, appellant shall deposit any and all passports held in her name and/or the child's name with the Portage County Clerk of Courts; appellant shall communicate with appellee by March 17, 2016, to make arrangements for appellee to have daily contact with the minor child; and that a hearing on the remaining issues shall take place on April 28, 2016, and that appellant shall transport the minor child to Portage County by that date. The trial court also made certain orders regarding the marital property. It is from those entries that appellant filed the instant appeal on April 6, 2016.

{¶10} On April 25, 2016, appellee filed a motion to dismiss the appeal for lack of a final appealable order. This court issued an entry on April 27, 2016, ordering appellant to submit briefing on the issue of whether the entries being appealed are final appealable orders for this court's review. On May 9, 2016, appellant filed a brief in support of her position that the appealed entries are final appealable orders. Appellant posits that the appealed entries were made in a special proceeding and affect her

3

substantial rights. On June 2, 2016, appellee filed a response to appellant's brief in support and stated that the appealed entries do not affect a substantial right, and that the appeal be dismissed due to lack of jurisdiction.

{¶11} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶12} In general, the denial of a motion to dismiss is not a final appealable order. *Curie v. Curie*, 11th Dist. Ashtabula No. 2004-A-0047, 2004-Ohio-3682, at ¶ 2. However, Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶13} R.C. 2505.02(B)(2) states that an order is final if it "affects a substantial right made in a special proceeding * * *[.]" An action for divorce is a special proceeding, and a party has a substantial right to have a dispute considered by a court of competent jurisdiction. *See Copenhaver v. Copenhaver*, 4th Dist. Athens No. 05CA16, 2005-Ohio-

4

4322, at ¶ 5. Therefore, in this matter, we must determine if the trial court's judgment entries affected that substantial right.

{¶14} An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. *Id.* At ¶ 6. In this divorce case, the denial of the motion to dismiss for lack of jurisdiction does not affect a substantial right and is not a final appealable order because the underlying reasons for the motion remain undisturbed until final judgment, which would permit an appeal to be sought after disposition of the entire case.

{¶15} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is hereby dismissed due to lack of a final appealable order.

{¶16} Appeal dismissed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.