[Cite as *Pechinko v. Ashtabula Cty. Aud.*, 2016-Ohio-5672.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| MICHELLE M. PECHINKO, | : | **MEMORANDUM OPINION** |
| Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0033** |
| ASHTABULA COUNTY AUDITOR, et al., | : | |
| Appellants. | : | |

Administrative Appeal from the Court of Common Pleas, Case No. 2015 CV 0589.

Judgment:  Appeal dismissed.

*Nicolas A. Iarocci*, Ashtabula County Prosecutor, and *Robert L. Herman*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Appellants).

*Michelle M. Pechinko*, pro se, 6461 Matson Road, Geneva, OH  44041 (Appellee).

DIANE V. GRENDELL, J.

{¶1}    On May 13, 2016, appellants, Ashtabula County Auditor and Ashtabula County Board of Revision, by and through counsel of record, filed a notice of appeal with this court from an April 26, 2016 judgment entry of the Ashtabula County Court of Common Pleas.

{¶2}    A review of the docket reveals that on October 20, 2015, Michelle M. Pechinko, appellee, filed an appeal with the court of common pleas from a decision issued by the Board of Revision.  Appellants moved to dismiss the action on December

21, 2015, and appellee responded to the motion on December 28, 2015. In the April 26, 2016 entry, the trial court overruled appellants' motion to dismiss and ordered the parties and their counsel to participate in mediation to attempt to resolve their issues.[1] Appellants filed the instant appeal from that entry.

{¶3} On June 1, 2016, appellee filed a motion to dismiss the appeal for lack of a final appealable order. On June 3, 2016, appellants filed a response in opposition to the motion in support of their position that the appealed entry is a final appealable order because it involves a special proceeding and affects a substantial right.

{¶4} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5} The denial of a motion to dismiss is not ordinarily a final appealable order. *Dave v. Dave*, 11th Dist. Portage No. 2016-P-0020, 2016-Ohio-5185, ¶ 12. However, Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the

---

1. The docket reveals that the matter was scheduled for mediation on June 14, 2016, but all proceedings were stayed pending the appeal.

judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} In the instant matter, the trial court's order does not fit within any of the categories of R.C. 2505.02(B). The only ruling that has been made so far is the trial court's denial of appellants' motion to dismiss, which did not resolve the issues between the parties. Therefore, at this point, the order appellants appealed from is simply an interlocutory order. It is not a final order, and appellants will have a meaningful and effective remedy by way of an appeal once a final judgment is reached as to all claims when the case is decided and/or dismissed.

{¶7} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶8} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.