[Cite as *Kreiser v. Hamrick*, 2016-Ohio-7922.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| JO ANNE R. KREISER, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0044** |
| MARTHA HAMRICK, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2016 CV 00134.

Judgment: Appeal dismissed.

*Michael J. Elliott*, Scanlon & Elliott, 159 South Main Street, Suite 400, Akron, OH 44308 (For Plaintiff-Appellee).

*Ronald K. Starkey* and *Adam M. Runkle*, Starkey Law Firm, LLC, 638 West Maple Street, Hartville, OH 44632 (For Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1} On August 9, 2016, appellants, Martha Hamrick and Amelia Breckenridge, by and through counsel of record, filed a notice of appeal with this court from a judgment entry of the Portage County Court of Common Pleas.

{¶2} The docket reveals that Jo Anne R. Kreiser, appellee, filed a complaint and petition for discovery under Civ.R. 34(D) and R.C. 2317.48. Appellants motioned the trial court to dismiss the action against them pursuant to Civ.R. 12(B)(6). Appellee filed a motion to compel the information in her complaint. In a July 29, 2016 entry, the trial court overruled appellants' motion to dismiss and also overruled appellee's motion to compel as it was not ripe.

The judgment did not include Civ.R. 54(B) language, directing that "there is no just cause for delay." The instant appeal ensued.

{¶3} On August 16, 2016, appellee moved this court to dismiss the underlying appeal for want of a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B), and also requested that she be granted an award of attorney fees, costs, and expenses. On August 22, 2016, appellants responded to the motion alleging that the appealed entry is a final appealable order pursuant to R.C. 2505.02(B)(1), and they also requested an award of fees, costs, and expenses.

{¶4} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5} The notion of a "final order" is premised upon the rationale that the court entering an order which is not final retains jurisdiction to proceed further in a case. *Noble*, *supra*, at 94. "'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶6}     The denial of a motion to dismiss is ordinarily not a final appealable order. *Dave v. Dave*, 11th Dist. Portage No. 2016-P-0020, 2016-Ohio-5185, at ¶ 12. However, pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶7}     R.C. 2505.02(B)(1) and (2) require the order to affect a "substantial right." An order affects a substantial right only if "an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 7. Here, we fail to see how an immediate review of the underlying judgment overruling appellants' motion to dismiss is necessary to protect their rights. In fact, the trial court's order does not fit within any of the categories of R.C. 2505.02(B). The only ruling that has been made so far is the trial court's denial of appellants' motion to dismiss, which did not resolve the issues between the parties. At this point, the order appellants appealed from is simply interlocutory. Appellants will have an opportunity to advance their arguments by way of a direct appeal or cross-appeal upon resolution of all claims in the underlying case. We therefore discern no need for immediate review.

{¶8}     Further, even if the order met the elements of R.C. 2505.02(B), it would still, under these circumstances, remain interlocutory. An appellate court may not review an order disposing of fewer than all claims when Civ.R. 54(B) language is necessary. *Kopp v. Associated Estates Realty Corp.*, 10th Dist. Franklin No. 08AP-819, 2009-Ohio-2595, ¶ 10.

{¶9}     Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that

3

there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶10} "Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations." *Noble*, *supra*, at 96, citing *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 160 (1977).

{¶11} This court has repeatedly held that, where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Elia v. Fisherman's Cove*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 6.

{¶12} In the instant case, appellants' contention is that the entry is final as to them. However, the appealed judgment ruled on appellants' motion to dismiss, but adjudicated fewer than all the claims, and thus, under Civ.R. 54(B), if claims or parties remain, the order "shall not terminate the action as to any of the claims or parties." Therefore, in the absence of the stipulation that there is no just cause for delay, the order appealed from "is subject to revision" or reconsideration by the trial court.

{¶13} Appellee cites to our holding in *Rood v. FRJ, Ltd.*, 11th Dist. Lake No. 2010-L-077, 2011-Ohio-2712, as authority for the proposition that the denial of a motion to dismiss falls under R.C. 2505.02(B)(1) and is a final appealable order. That case is clearly distinguishable from this matter.

{¶14} In *Rood,* this court was faced with the trial court's partial denial and partial granting of a motion to dismiss appellant's complaint and petition for discovery. In that case, we

4

held that an order granting prelitigation discovery under Civ.R. 34(D) and R.C. 2317.48 is a final appealable order. *Rood* does not stand for the proposition that overruling a motion to dismiss is a final appealable order. To the contrary, the procedural posture of that case reveals the trial court's judgment partially denying the motion to dismiss was final because in its entry, the trial court also compelled discovery.

{¶15} In this case, the trial court has not issued any order compelling discovery. It only denied appellants' motion to dismiss. Therefore, the subject judgment fails to meet the requirements of R.C. 2505.02(B); and, even if it did, there are claims still pending that would necessitate Civ.R. 54(B) language, that there is not just reason for delay. Thus, no final appealable order exists at this time.

{¶16} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶17} Appeal dismissed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.