LONIGRO, APPELLEE, *v.* LONIGRO, APPELLANT.

(No. 11346—Decided October 12, 1989.)

*Meily & Mues* and *William D. Meily,* for appellee.

*Pickrel, Schaeffer & Ebeling* and *Paul J. Winterhalter,* for appellant.

*Per Curiam.* The parties have jointly applied for reconsideration of our decision and entry of September 21, 1989, wherein we dismissed this appeal for lack of a final appealable order.

Aldo F. Lonigro has appealed from the denial of his motion to dismiss this divorce action for lack of jurisdiction. The parties jointly argue that the denial of Aldo Lonigro's motion to dismiss should be deemed to be a final order pursuant to R.C. 2505.02 in accordance with the balancing test set forth in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. In that case the Supreme Court articulated the balancing test under R.C. 2505.02 as follows:

"* * * whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Amato, supra,* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456.

In subsequent cases, the Supreme Court has stressed that " 'a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment.' " *Tilberry* v. *Body* (1986), 24 Ohio St. 3d 117, 120, 24 OBR 308, 310, 493 N.E. 2d 954, 957, quoting *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 447, 16 O.O. 3d 461, 463, 406 N.E. 2d 532, 534.

The parties in the case before us argue that it is not practicable to wait until after their divorce action has been tried to determine whether the trial court had jurisdiction, because a threshold determination that the trial court has no jurisdiction would save both parties the time and expense of a divorce trial. A similar argument could be made with respect to the denial of a motion to dismiss based on statute of limitations grounds, but this was rejected in *State* v. *Torco Termite Pest Control* (1985), 27 Ohio App. 3d 233, 27 OBR 274, 500 N.E. 2d 401, in an opinion by then Judge Thomas J. Moyer, now the Chief Justice of the Supreme Court of Ohio.

If we were to hold that the denial of a motion to dismiss an action is appealable pursuant to R.C. 2505.02, on the theory that the appeal might result

in a determination that the case should have been dismissed, thereby sparing the parties the time and expense of a trial, civil defendants interested in postponing the day of reckoning would have many additional opportunities to do so. We can think of at least four opportunities, before trial, to obtain appellate review. First, the defendant could file a motion to dismiss for any of the reasons listed in Civ. R. 12, and, when that motion was denied, appeal it. Second, the defendant could file a motion to dismiss for lack of subject matter jurisdiction (since an attack on subject matter jurisdiction is never untimely) and, when that motion was denied, appeal it. Third, the defendant could move for summary judgment and, when that motion was denied, appeal it. Fourth, the defendant could energetically pursue discovery, and file a motion to dismiss the action as a discovery sanction for some real or imagined failure by the plaintiff to comply with discovery; when that motion to dismiss was denied, the defendant could appeal it. After each successive appeal, additional delay could result from motions to certify the case to the Ohio Supreme Court. Other legal minds, more resourceful than ours, might find additional bases for interlocutory appeals, the cumulative effect of which would be to postpone litigation for years and years. In some jurisdictions, such as the state of New York, this is an accepted jurisprudential way of life. It is not the manner of practice in Ohio.

To be sure, the parties in the case before us could be spared time and expense by a determination of this court, at this time, that the trial court erred by finding that it had jurisdiction. Conversely, however, the parties would be put to additional expense and delay should this court determine that the trial court did have jurisdiction, since the parties could look forward to a second appeal, on the merits, following the trial of their divorce action. If we could determine whether the present appeal were meritorious, without entertaining the appeal on the merits, we could determine which course would be most beneficial to the parties; obviously, we cannot determine whether an appeal is meritorious without determining the appeal on its merits. Therefore, we conclude that the better course is to determine, as a rule of thumb, that trial courts usually make correct decisions. When we must weigh the chance that an *affirmance* upon an essentially interlocutory appeal would cost the parties substantial additional time and expense by requiring two appeals where one would have sufficed, against the chance that a *reversal* on appeal would spare the parties substantial time and expense by avoiding a trial, we are inclined to assume, for purposes of determining whether to entertain an essentially interlocutory appeal, that the appeal is more likely to result in an affirmance than in a reversal.

In short, we conclude that as long as the issue sought to be raised on appeal can, as a practical matter, await determination until an appeal following the final disposition of the case in the trial court, the balancing test established by *Amato* v. *General Motors Corp., supra,* must be resolved adversely to the entertaining of an appeal before the final disposition of the case in the trial court.

The joint application of the parties in this case for reconsideration of this court's decision and entry of September 21, 1989, is hereby overruled.

*Judgment accordingly.*

WILSON, BROGAN and FAIN, JJ., concur.