HASKINS, Appellant,

v.

HASKINS, Appellee.

[Cite as *Haskins v. Haskins* (1995), 104 Ohio App.3d 58.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15016.

Decided May 24, 1995.

*James R. Kirkland,* for appellant.

*Noel Vaughn,* for appellee.

*Per Curiam.*

This is an appeal from an order denying a motion to dismiss for lack of jurisdiction to modify prior orders for custody and support of the two minor children of Robert and Carol Haskins.

Robert and Carol were divorced in Montgomery County in 1985. Robert was granted custody of the two minor children of the marriage. Carol was ordered to pay child support. In 1990, Robert moved with the children to Florida.

Disputes apparently arose in the summer of 1993 while the children were visiting with Carol in Ohio. Upon Robert's motion, Florida adopted the Ohio custody and support decrees. The children did not return to Florida following summer visitation, and in September 1993 Carol sought and obtained a temporary custody order to enroll the children in school in Ohio. The children

attended school here during the 1993–1994 school year and have remained in Ohio since that time.

In July 1994, Carol filed a petition for change of custody in Montgomery County. Robert filed a motion in opposition, arguing that pursuant to R.C. 3109.22, a part of the Uniform Child Custody Jurisdiction Act, Florida has exclusive jurisdiction to determine custody. The trial court denied the motion, holding that it has jurisdiction to proceed to determine Carol's petition for change of custody. Robert appealed prior to any actual modification of prior orders, and now argues that the common pleas court erred in finding that it has jurisdiction to decide the issue.

Whether this court of appeals has jurisdiction to review the order from which the appeal has been taken is an issue not addressed by the parties in their briefs. Nevertheless, a court of appeals should raise the issue *sua sponte* when it appears that its jurisdiction is doubtful. *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 617 N.E.2d 701.

▮ The Ohio courts of appeals have jurisdiction to review the final orders or judgments of the trial courts within their respective districts. Section 3(B)(2), Article IV, Ohio Constitution. If an order or judgment is not final, a court of appeals lacks jurisdiction to review it. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266.

"Final orders" are defined in R.C. 2505.02, which provides:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

The action before the trial court was Carol's petition for change of custody. The order from which this appeal is taken overruled Robert's motion to dismiss the action for lack of jurisdiction. That order neither determined the action brought by Carol nor prevented a judgment in that action for either party.

▮ A "special proceeding" for purposes of R.C. 2505.02 is an action created by statute and not recognized in common law or in equity. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Divorces are special statutory proceedings, and that status extends to ancillary claims for change of custody. *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 632 N.E.2d 889. Therefore, an order entered in a proceeding for change of custody is a final, appealable

order if it affects a substantial right. *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999.

A substantial right is a legal right entitled to enforcement and protection by law. *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 2 O.O.2d 257, 142 N.E.2d 660. A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.

When the facts needed to analyze the issues determined by an order will be unchanged by the ultimate disposition of the underlying action, the relief granted or denied by an order does not affect a substantial right in the action. It is then but an interlocutory order in the progress of the case which cannot be made the foundation of an independent proceeding, but is properly reviewable on error prosecuted to the final judgment. *Polikoff v. Adam, supra.*

Generally, an order denying a motion to dismiss is not a final order because the reasons for which the dismissal was sought continue undisturbed to the final judgment, permitting prosecution of the error, if any, on the final judgment. *Id.; Lonigro v. Lonigro* (1989), 55 Ohio App.3d 30, 561 N.E.2d 573; *BancOhio v. Rubicon Cadillac, Inc.* (1984), 11 Ohio St.3d 32, 11 OBR 111, 462 N.E.2d 1379. The Court of Appeals for Athens County has held that denial of a mother's motion to dismiss a father's motion for change of custody for want of subject matter jurisdiction is not a final, appealable order. *Holm v. Smilowitz* (1992), 83 Ohio App.3d 757, 615 N.E.2d 1047. We agree.

One of the purposes of the Uniform Child Custody Jurisdiction Act is to avoid competing claims among states for jurisdiction to determine child custody. Denial of Robert's motion to dismiss permits competing jurisdictional claims to continue. However, the jurisdictional determination here is ultimately reviewable for error upon prosecution of that error to the final judgment. Therefore, the order of the trial court overruling this motion to dismiss does not affect a substantial right, per R.C. 2505.02, and was not a final, appealable order. This court therefore lacks jurisdiction to determine the appeal, which must be dismissed.

*Appeal dismissed.*

BROGAN, P.J., GRADY and FREDERICK N. YOUNG, JJ., concur.