Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Municipal Court which granted a motion to suppress evidence and to dismiss filed by defendant-appellee, Dana Denton-Boyer. We reverse.
On April 19, 1997, at approximately 1:30 a.m., appellee and Patrolman Hugh Bomske of the Union Township Police Department were both traveling southbound on Mt. Carmel-Tobasco Road in Clermont County, Ohio. Appellee's vehicle was traveling ahead of Bomske's cruiser. Bomske observed appellee's passenger-side tires ride directly on the right edge line of the road for approximately three hundred feet. Bomske then observed appellee's vehicle weave to the left and cross over the first double yellow line before it returned to the center of the lane. After traveling approximately fifty feet, Bomske again observed appellee's vehicle ride on the right edge line for about five hundred feet.
Bomske stopped appellee's vehicle. Upon approaching appellee, Bomske noticed a strong odor of alcohol on appellee's breath and that her eyes were glassy. Appellee denied having had anything to drink. Bomske then asked appellee to exit her car to perform field sobriety tests. Upon exiting, appellee almost fell down, staggering from her car and then leaning on her car to walk back to perform the tests. Appellee failed the horizontal nystagmus test and the balance test but performed fairly well on the finger-to-nose test. Appellee refused to perform the one leg stand and the walk and turn tests. Bomske transported appellee to the Union Township Police Department where she tested .196 grams of alcohol per two hundred ten liters of breath.
Thereafter, Bomske cited appellee for driving under the influence of alcohol ("DUI") under R.C. 4511.19(A)(1) and (3) and failure to drive within marked lanes under R.C. 4511.33. On June 19, 1997, appellee filed a motion to suppress the evidence and dismiss alleging, in part, that Bomske's stop of her vehicle was unlawful. The trial court denied that motion. Appellee then filed a motion for reconsideration which the trial court granted by entry and decision filed October 15, 1997 as follows:
 Initially, this Court believed that the motorist's driving could be classified as erratic. The Court concluded that the unusual driving patterns of the defendant on a clear night on a narrow, hilly, dry road in a dark area presented a threat to the public safety as well as to the driver which justified the officer in making a stop of the vehicle to investigate the reason for the erratic driving. Upon reflection, there really is no evidence in the record for the Court to conclude that the driving was erratic.
 This Court now believes that the driving outside the marked lane of travel was excusable as a result of the condition of the roadway, especially in view of Officer Bomske's description of her fairly smooth driving. The Court cannot conclude that the defendant's driving created a threat to the public safety. To the contrary, the defendant's passing of another vehicle was uneventful. Thus, this Court must conclude that there is insufficient evidence in the record for the Court to conclude that the driving was erratic.
 Once a defendant has demonstrated a warrantless seizure and adequately clarified the ground upon which he challenges its legality, the State bears the burden of proof, including the burden of going forward with the evidence, on the issue of whether probable cause existed for the seizure. Xenia v. Wallace (1988), 37 Ohio St.3d 216. The burden of producing evidence for the Court to conclude that a marked lanes violation occurred or that the defendant's driving was erratic rests with the State of Ohio. Such evidence has not been produced in this case.
 WHEREFORE, based on the foregoing analysis, this Court finds the defendant's Motion to Suppress Evidence and Dismiss is well taken.
This appeal followed.
In a single assignment of error, the state argues that the trial court erred in granting appellee's motion to suppress and dismiss upon reconsideration. The state contends that appellee's clear and almost continuous violation of the marked lanes statute justified the stop of appellee's vehicle.
Before addressing the state's sole assignment of error, we must first consider whether the order appealed from, that is, the trial court's October 15, 1997 entry granting appellee's motion for reconsideration, is a final appealable order as defined by R.C. 2505.02.
In Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, the Supreme Court of Ohio held that "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. In a footnote, the court then clarified its holding by stating "[i]nterlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not. This court is specifically denying motions for reconsideration in the trial court only after final judgments. Therefore, a motion for reconsideration would be the proper procedure vehicle for obtaining relief after interlocutory orders." Id. at 379-380, fn. 1.
It is well-established that an order denying a motion to dismiss is not a final order. Haskins v. Haskins (1995), 104 Ohio App.3d 58,61. Similarly, an order denying a motion to suppress evidence is not a final order. See Cuyahoga Falls v. Andy (Mar. 27, 1996), Summit App. No. 17529, unreported. As a result, the trial court's August 29, 1997 entry denying appellee's motion to suppress evidence and dismiss was not a final order, and appellee's subsequent filing of her motion for reconsideration was proper. In light of the foregoing, we find that the trial court's October 15, 1997 entry granting appellee's motion for reconsideration, and thereby granting appellee's motion to suppress evidence and dismiss, is a final appealable order under R.C. 2505.02. Having so found, we now turn to the state's sole assignment of error.
In reviewing the trial court's legal determination of probable cause and reasonable suspicion in the present case, we apply a de novo standard of review. Hamilton v. Justice (Dec. 23, 1996), Butler App. No. CA96-04-065, unreported, citing Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657.
In order to conduct an investigative stop of a motorist, a police officer must have a reasonable and articulable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. State v. Johnson (1995),105 Ohio App.3d 37, 40, citing Delaware v. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391. An officer's observation of a traffic violation or erratic driving generally justifies an investigative stop. Johnson, at 40. Moreover, the Supreme Court of Ohio has held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment to the United States Constitution." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. See, also, State v. Wilhelm (1998), 81 Ohio St.3d 444.
In this case, Bomske's reason for stopping appellee was appellee's failure to stay within her marked lane of travel in violation of R.C. 4511.33.[1] Thus, on the authority of Dayton v. Erickson, we find that Bomske's stop of appellee's car was reasonable. The assignment of error is sustained. The judgment is reversed and remanded for further proceedings.
Judgment reversed and remanded.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.
[1] R.C. 4511.33 states in part:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules apply:
 (A) A vehicle shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.