This is an appeal from a Highland County Common Pleas Court judgment, which denied appellant's Motion to Dismiss appellee's Motion for Modification of Parental Rights and Responsibilities for lack of jurisdiction.
On December 10, 1998, this court filed an Entry stating that the October 29, 1998 may not be a final appealable order pursuant to R.C. 2505.02. This court ordered appellant to file a memorandum directed to that jurisdictional issue within fifteen (15) days of the date of the entry.
Appellant filed a Memorandum in Response asserting that the trial court's denial of the Motion to Dismiss was an order made in a special proceeding which affected a substantial right. Appellee filed a Memorandum Contra asserting that the denial of appellant's Motion to Dismiss for lack of jurisdiction did not affect a substantial right.
Both parties cite Haskins v. Haskins (1995), 104 Ohio App.3d 58, in support of their respective positions. In Haskins, the Second District Court of Appeals, faced with facts similar to those before this court, held that the trial court's decision to overrule the father's motion to dismiss was not a final appealable order because it did not affect a substantial right.
We note that subsequent to the Haskins case, effective July 22, 1998, R.C. 2505.02 was amended. R.C. 2505.02(B) provides:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denied a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the pro visional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action."
While we agree that divorce proceedings are "special proceedings" since divorce actions were not recognized at common law or equity, we do not find that the denial of a Motion to Dismiss affects a substantial right of the appellant. We further find that R.C. 2505.02(B)(2), (3) or (4) do not apply.
Upon consideration, and pursuant to R.C. 2505.02(B) andHaskins, supra, this court finds that the Entry from which this appeal is taken is not a final appealable order. This court, therefore, lacks jurisdiction to consider the merits of this appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal is dismissed. Appellant shall pay costs taxed herein.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J., Concur
 --------------------------------------- William H. Harsha, Administrative Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.