[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael W. Copenhaver, Sr., has appealed a decision denying his motion to dismiss the complaint for divorce filed by appellee, Loretta L. Copenhaver. After reviewing the trial court's decision, we advised the parties that the appealed judgment may not be a final appealable order and gave them the opportunity to submit written memoranda addressing this issue. Both parties have filed responses.
 {¶ 2} Section 3(B)(2), Article IV of the Ohio Constitution provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." "An order of a court is a final appealable order only if the requirements of both R.C.2505.02 and, if applicable, Civ.R. 54(B), are met." State exrel. Scruggs v. Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315, at ¶5. If an order is not final and appealable, a reviewing court has no jurisdiction to consider the matter and has no choice but to dismiss the appeal. The Bell Drilling Producing Co. v.Kilbarger Constr., Inc. (June 26, 1997), Hocking App. No. 96CA23, 1997 WL 361025, at 2.
 {¶ 3} In his motion to dismiss, appellant, a California resident, argued that the trial court did not have jurisdiction to consider the case because appellee had not lived in Ohio for the required number of months before filing for divorce. A magistrate conducted a hearing and afterwards recommended that the trial court deny appellant's motion. Appellant filed objections to the magistrate's decision. The trial court considered the objections, overruled them, and adopted the magistrate's recommendation.
 {¶ 4} Generally, the denial of a motion to dismiss is not a final appealable order. In re Fennell, Athens App. No. 02CA19, 2002-Ohio-5233, at ¶ 11. However, R.C. 2505.02(B)(2) provides an order is a "final order" if it "affects a substantial right made in a special proceeding * * * [.]" A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
 {¶ 5} An action for divorce is a special proceeding. Davisv. Davis, (July 23, 2001), Jackson App. No. 00CA28, 2001 WL 884090, at 3. Moreover, a party has a substantial right to have a dispute considered by a court of competent jurisidiction. We therefore must determine whether the trial court's decision in this case affected that substantial right.
 {¶ 6} An order affects a substantial right when, if not immediately appealable, it would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63. We conclude that the denial of a motion to dismiss in a divorce action does not affect a substantial right.
 {¶ 7} A party claiming that a trial court lacked jurisidiction can raise that same argument in an appeal from an adverse final judgment. Accordingly, the absence of an immediate appeal does not foreclose appropriate relief. See Lonigro v.Lonigro (1989), 55 Ohio App.3d 30 (holding that the denial of a motion to dismiss based on a lack of jurisdiction is not a final appealable order). See, also, Hoskins v. Hoskins (1995),104 Ohio App.3d 58; Holm v. Smilowitz (1992), 83 Ohio App.3d 757;Curie v. Curie, Ashtabula App. No. 2004-A-0047, 2004-Ohio-382;Temple v. Temple (Feb. 24, 1999), Highland App. No. 98 CA 30, 1999 WL 132877.
 {¶ 8} Without a final appealable order we do not have jurisidiction to consider this matter.
APPEAL DISMISSED. COSTS TO APPELLANT.
McFarland, J.: Concur.