[Cite as *Griffin v. Griffin*, 2017-Ohio-8450.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

AUDREY N. GRIFFIN,  :  APPEAL NO. C-170026
                       TRIAL NO.  DR-1501954

    Plaintiff-Appellee,  :

vs.  :

                       *O P I N I O N.*

JAMES A. GRIFFIN,  :

    Defendant-Appellant.  :


Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
              Division

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  November 8, 2017


*Zachary D. Smith LLC* and *Zachary D. Smith* for Plaintiff-Appellee,

*Family First Law Offices* and *Mark Eppley,* for Defendant-Appellant.

**DETERS, Judge.**

{¶1}   Defendant-appellant James A. Griffin (husband) appeals the order of the domestic relations court which sustained plaintiff-appellee Audrey N. Griffin's (wife) objection, vacated the magistrate's decision granting husband's motion to dismiss her complaint and amended complaint for divorce for lack of subject-matter jurisdiction, and remanded the matter to the magistrate for further proceedings.   We dismiss husband's appeal because the order does not qualify as a final, appealable order under R.C. 2505.02(B).

### Factual Background

{¶2}   On October 28, 2015, wife filed a complaint for divorce.   In the complaint, she alleged she had been a resident of Ohio for 180 days and a resident of Hamilton County for 90 days.   On December 9, 2015, husband filed an answer and a counterclaim for divorce.   In his answer, husband asserted that wife's complaint should be dismissed because she did not meet the residency requirements set forth in R.C. 3105.03.

{¶3}   On December 28, 2015, wife filed an amended complaint for divorce.   On January 28, 2016, husband filed a motion to dismiss the complaint and amended complaint for divorce for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1), asserting that wife had failed to meet the minimum residency requirements set forth in R.C. 3105.03.   A hearing on the motion to dismiss was scheduled for August 30, 2016, before a magistrate.

{¶4}   On August 23, 2016, husband filed a motion to continue the hearing due to his active military service.   Six days later, on August 29, 2016, husband filed a motion to stay the proceedings based on the Service Members Civil Relief Act.   On August 30, 2016, a magistrate held a hearing on the pending motions.   Husband was

not present, but he was represented by counsel. Shortly thereafter, the magistrate issued a written decision with findings of fact and conclusions of law. In his findings of fact, the magistrate denied husband's motions for a continuance and a stay. In his conclusions of law, the magistrate granted husband's motion to dismiss for lack of subject-matter jurisdiction, concluding that wife had not been physically located in the state of Ohio for the statutory time period to permit her to invoke the jurisdiction of the court. The magistrate vacated the temporary orders of support and stated that his resolution of the jurisdictional motion had rendered his decision on the other motions moot.

{¶5} Wife timely objected to the magistrate's decision granting husband's motion to dismiss her complaint and amended complaint for lack of subject-matter jurisdiction. Husband did not file any cross objection. The trial court determined that wife had physically resided in Ohio for 94 days, but because she had never voluntarily changed her domicile, she remained a resident of Ohio while "living with Husband on military orders in Florida and Tennessee." The trial court sustained wife's objection, vacated the magistrate's decision, and remanded the matter to the magistrate for further proceedings.

### Analysis

{¶6} Husband appeals, raising two assignments of error. Before we can address husband's assignments of error, we must determine if we have jurisdiction to review the order he has appealed from. Ohio appellate courts have jurisdiction "to review and affirm, modify, or reverse final orders." Article IV, Section 3(B)(2), Ohio Constitution. If a party appeals from an order that is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684

N.E.2d 72 (1997); *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶7}   For a judgment to be final and appealable, it must satisfy R.C. 2505.02(B) and, if applicable, Civ.R. 54(B).  *Gen. Acc. Ins. Co.* at 20.  In relevant part, R.C. 2505.02(B) defines a final order as:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(4) An order that grants or denies a provisional remedy and to which both the following apply:

(a) The order in effect determines that action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶8}   Generally, an order denying a motion to dismiss is not a final order under R.C. 2505.02(B)(1), because the order does not affect a substantial right or determine the action and prevent a judgment.  *State Auto Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, ¶ 8; *Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993); *Ferrell v. Standard Oil Co. of Ohio*, 11 Ohio St.3d 169, 464 N.E.2d 550 (1984); *In re R.A.W.*, 10th Dist. Franklin No.11AP-1072, 2012-Ohio-4832, ¶ 12.

{¶9} This general rule has been extended to orders denying a motion to dismiss for lack of subject-matter jurisdiction, because the absence of an immediate appeal does not foreclose appropriate relief in the future and does not determine the merits of the underlying claims. *See Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 19-23; *Lonigro v. Lonigro*, 55 Ohio App.3d 30, 31, 561 N.E.2d 573 (2d Dist.1989); *Paulson v. Seifert*, 2d Dist. Greene No. 90 CA 115, 1993 WL265416, *1 (July 16, 1993).

{¶10} Thus, the order in this case, which sustained wife's objection, vacated the magistrate's decision granting husband's motion to dismiss wife's complaint and amended complaint for divorce for lack of subject-matter jurisdiction, and remanded the matter to the magistrate for further proceedings, is not a final order under R.C. 2505.02(B)(1).

{¶11} We next determine if the order satisfies R.C. 2505.02(B)(2), which defines as final "an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A divorce proceeding qualifies as a "special proceeding" because divorce actions were not recognized at common law or equity and were legislatively provided for in R.C. Chapter 3105. *See Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6; *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379, 632 N.E.2d 889 (1994). The term "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Here, the parties have a substantial right under R.C. 3105.03 to have their dispute considered by a court of competent jurisdiction. *See Copenhaver v. Copenhaver*, 4th Dist. Athens No. 05CA16, 2005-Ohio-4322, ¶ 5. The Ohio Supreme Court has held that "[a]n order

which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993); *see also Wilhelm–Kissinger* at ¶ 7.

{¶12} In *Rijo v Rijo*, 1st Dist. Hamilton No. C-93070, 1995 WL 35730, *1 (Jan. 31, 1995) fn.1, this court held that the trial court's denial of a motion to dismiss a divorce complaint for lack of subject-matter jurisdiction qualified as a final appealable order under R.C. 2505.02(B)(2) because it affected a substantial right in a special proceeding. We recognized that the Second Appellate District had reached the opposite conclusion in *Lonigro*, 55 Ohio App.3d at 31, 561 N.E.2d 573. We purported to distinguish the *Lonigro* case on the basis that it had "applied [the test in] *Amato [v. General Motors Corp.*, 67 Ohio St.2d 253, 423 N.E.2d 452 (1987)] to hold that an order denying a motion to dismiss for lack of subject-matter jurisdiction over a divorce complaint did not constitute an order 'made in a special proceeding,' and therefore, was not a final order for purposes of R.C. 2505.02." *Rijo* at fn.1.

{¶13} After reviewing the case law, we conclude that *Rijo* was wrongly decided. In *Rijo*, we provided no analysis to support our conclusion that an order denying a motion to dismiss a divorce complaint for lack of subject-matter jurisdiction affected a substantial right, and our reasoning for distinguishing *Lonigro* on this basis was faulty. Our conclusion in *Rijo,* moreover, directly conflicts with other appellate districts. Those districts have followed the *Lonigro* court's reasoning that the denial of a motion to dismiss a divorce complaint for lack of subject-matter jurisdiction does not "affect" a substantial right because the underlying reasons for the denial continue undisturbed to the final judgment, permitting prosecution of the error, if any, on final judgment. *See Copenhaver* at ¶ 5; *Dave v. Dave*, 11th Dist. Portage No. 2016-P-0020,

2016-Ohio-5185, ¶ 11-15 (following *Copenhaver*); *see also In re R.A.W*, 10th Dist. Franklin No. 11AP-1072, 2012-Ohio-4832, ¶ 12; *Haskins v. Haskins*, 104 Ohio App.3d 58, 61, 660 N.E.2d 1260 (2d Dist.1995). We overrule *Rijo* and join those appellate districts that hold that an order denying a motion to dismiss a divorce complaint for lack of subject-matter jurisdiction is not a final appealable order under R.C. 2505.02(B)(2).

{¶14} Therefore, the trial court's order in this case, which sustained wife's objection to the magistrate's decision, vacated the magistrate's decision granting husband's motion to dismiss wife's complaint and amended complaint for divorce for lack of subject-matter jurisdiction, and remanded the matter to the magistrate for further proceedings, is not a final order under R.C. 2505.02(B)(2).

{¶15} Finally, we must determine if the order satisfies R.C. 2505.02(B)(4). To qualify as a final, appealable order under R.C. 2505.02(B)(4), the order being appealed must satisfy three statutory requirements: (1) the order must grant or deny a "provisional remedy," as that term is defined in the statute; (2) it must in effect determine the action with respect to the provisional remedy; and (3) the appealing party must not be afforded a meaningful review of the decision if it had to wait for a final judgment as to all proceedings in the action. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 43.

{¶16} We need not determine if the order in this case grants or denies a provisional remedy because it fails to satisfy R.C. 2505.02(B)(4)'s third requirement that the appealing party lacks a meaningful remedy on appeal following final judgment. *See Gardner v. Ford*, 1st Dist. Hamilton No. C-150018, 2015-Ohio-4242, ¶ 6 (concluding that the denial of a motion to dismiss for lack of personal jurisdiction failed to satisfy R.C. 2505.02(B)(4)(b)). Therefore, the order is not a final, appealable

order under R.C. 2505.02(B)(4).  In the absence of a final appealable order, we must dismiss husband's appeal.  Therefore, the appeal is dismissed.

Appeal dismissed.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.