[Cite as *New Waste Concepts, Inc. v. Applegate Insulation, L.L.C.*, 2019-Ohio-283.]

COURT OF APPEALS
WOOD COUNTY, OHIO
SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NEW WASTE CONCEPTS, INC., | JUDGES:<br>Hon. W. Scott Gwin, P.J<br>Hon. William B. Hoffman, J. |
| Plaintiff – Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2018-WD-0070 |
| APPLEGATE INSULATION LLC, ET AL. | |
| Defendants – Appellants | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Wood County Court of
                              Common Pleas, Case No. 2018 CV 0205


JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       January 29, 2019


APPEARANCES:


For Plaintiff-Appellee                For Defendants-Appellants

CARL C. IRELAND                       ANDREW R. MAYLE
Spitler Huffman, LLP                  RONALD J. MAYLE
932 Dixie Highway                     Mayle LLC
Rossford, Ohio  43460                 P.O. Box 263
                                      Perrysburg, Ohio  43552

*Hoffman, J.*

{¶1}  Appellants Applegate Insulation, LLC and Applegate Holdings, LLC appeal the judgment entered by the Wood County Common Pleas Court denying their motion to dismiss Appellee New Waste Concepts, Inc.'s complaint, or in the alternative to stay the action while Appellee recommenced it in Michigan.

<u>STATEMENT OF THE CASE[1]</u>

{¶2}  Appellee filed the instant action against Appellants for declaratory judgment and damages for tortious interference with a contractual and business relationship. Appellants filed a motion to dismiss or in the alternative to stay the action, arguing a forum selection clause in the contract between the parties required the action to be filed in Michigan.  The court overruled the motion to dismiss or stay the action.  It is from the August 9, 2018 judgment overruling their motion Appellants prosecute this appeal, assigning as error:

THE TRIAL COURT IN OHIO ERRED BY NOT ENFORCING A FORUM-SELECTION CLAUSE STATING THAT, "THE PARTIES AGREE THAT ANY ACTIONS SHALL BE BROUGHT TO THE COURT OF APPROPRIATE JURISDICTION IN INGHAM COUNTY, MICHIGAN OR U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN.

{¶3}  As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we do not

---

[1] A rendition of the facts is unnecessary to our resolution of the appeal.

have jurisdiction to review the matter and must dismiss the appeal. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

**{¶4}** To be final and appealable, an order must comply with R.C. 2505.02(B), which provides, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶5}    The Fifth District Court of Appeals has held a judgment denying a motion to change venue or in the alternative dismiss an action based on a forum selection clause in a contract is not a final, appealable order:

The only possible applicable paragraph is paragraph 4, regarding provisional remedies. "'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). The statutory definition does not specifically refer to proceedings to transfer venue nor are any of the listed proceedings akin to a transfer of venue. See *Duryee, supra*. The basic purpose of R.C. 2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. *Id.* We find that a decision by a trial court to deny a request for change of venue does not involve the same degree of risk of irreparable harm to a party as the decisions made in the types of actions listed under 2505.02(A)(3). The types of provisional remedies listed under 2505.02(A)(3) include decisions that, made preliminarily, could decide all or part of an action or make an ultimate decision on the merits meaningless or cause other irreparable harm. For instance, a preliminary injunction could be issued against a high school football player preventing him from playing football his senior year based on recruiting violations. The trial court could grant the attachment of

property for which the owner has a ready buyer. Discovery of privileged material could force a person to divulge highly personal and sensitive information. If evidence critical to the prosecution of a criminal case is suppressed, the state could lose any meaningful chance at successful prosecution of a criminal. The decision to deny a change of venue does not result in any of the types of irreparable harm just listed. There is an adequate legal remedy from a decision denying a change of venue, after final judgment. In other words, it may be expensive to get the cat back in the bag, if a trial court errs when it denies a change of venue, but it can be done. Whereas, when the types of decisions listed in 2505.02(A)(3) are made, the cat is let out of the bag and can never be put back in. Therefore, denial of a request to change venue is not a final, appealable order. In accord, *Wilson v. Kemp* (Nov. 24, 1999), Scioto App. No. 99CA2667, unreported, 1999 WL 1125111. The Second District Court of Appeals has also considered whether venue questions are final, appealable orders. While the Second District Court found that a venue order can qualify as a provisional remedy because it prevents a judgment in favor of the appealing party with respect to the venue question, it found that venue decisions were not final, appealable orders since the party is afforded an effective remedy by way of appeal after final judgment. *Jetter v. Abbott* (July 31, 2000), Montgomery App. No. 17888, unreported (citing *State ex rel. Banc One Corp. v. Walker* (1999), 86 Ohio St.3d 169, 173, 712 N.E.2d 742, venue orders do not normally affect a substantial right, because appeal after

judgment is an adequate legal remedy). Accordingly, we find that the December 6, 1999, Judgment Entry is not a final, appealable order.

**{¶6}** *Mansfield Family Restaurant v. CGS Worldwide, Inc.*, 5th Dist. Richland No. 00-CA-3, 2000 WL 1886226, *2.

**{¶7}** In finding a judgment which *granted* a motion to stay an action to allow refiling in Massachusetts to be a final, appealable order, this Court distinguished the decision of the Fifth District in *Mansfield Family Restaurant* as follows:

> The adequate, although expensive, remedy envisioned in *Mansfield Family Restaurant* is that after final resolution of the case, an Ohio appellate court could review the trial court's decision not to enforce the forum selection clause, find that it was error and reverse, thereby allowing the parties to litigate their dispute again in another state.
>
> The difference between *Mansfield Family Restaurant* and the case presently before us is that if Overhead, Inc. cannot appeal now from the trial court's decision that the dispute must be litigated in Massachusetts, then after the case is resolved in the Massachusetts court, Overhead, Inc. will have no forum to turn to which can review the original decision enforcing the forum selection clause. A Massachusetts appellate court would not have jurisdiction to review an Ohio court's decision and it would be too late to file an appeal in the Ohio appellate court since the case in Ohio was not merely transferred to Massachusetts, but was actually dismissed.

Therefore, we find that under R.C. 2505.02(B)(4) the trial court's order is final and appealable. The proceeding in the trial court determining whether the case should be litigated in Ohio or in Massachusetts is ancillary to the action and thus is a provisional remedy pursuant to R.C. 2505.02(A)(3). Since the order granting the "provisional remedy," i.e., enforcing the forum selection clause, makes a full determination of the issue and prevents a judgment in favor of appellant on this issue it fulfills R.C. 2505.02(B)(4)(a). Finally, R.C. 2505.02(B)(4)(b) is fulfilled because appellant would have no remedy through an appeal after the case has been heard in Massachusetts since there would be no appellate court with jurisdiction to decide the issue.

**{¶8}** *Overhead, Inc. v. Standen Contracting*, 6th Dist. Lucas No. L-01-1397, 2002-Ohio-1191, *3.

**{¶9}** We find the judgment appealed from in the instant case is not a final, appealable order, based on the reasoning set forth in *Mansfield Family Restaurant, supra*. As this Court noted in *Overhead, Inc., supra,* when the motion to dismiss or transfer venue to another state is overruled, the party has an opportunity for review of the order at the end of the case. Thus the instant case is distinguishable from *Overhead, Inc.*

**{¶10}** As we do not have jurisdiction over the appeal, the appeal is dismissed.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. EARLE E. WISE, JR.

By: Hoffman, J.

Gwin, P.J.  and

Wise, Earle, J. concur

IN THE COURT OF APPEALS FOR WOOD COUNTY, OHIO
SIXTH APPELLATE DISTRICT

NEW WASTE CONCEPTS, INC.,        :
           :
    Plaintiff-Appellee       :
           :
-vs-                  :          JUDGMENT ENTRY
           :
APPELGATE INSULATION LLC, ET AL.,  :          January 29, 2019
           :
    Defendants-Appellants    :          Case No. 2018-WD-0070

For the reason stated in our accompanying Opinion, this appeal is dismissed.

Costs assessed to Appellants.

 

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. EARLE E. WISE, JR.