**[Cite as *Landmark 2, L.L.C. v. E. Ohio Gas Co.*, 2023-Ohio-1070.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LANDMARK 2 LIMITED LIABILITY
COMPANY, et al.

     Appellees

     v.

EAST OHIO GAS COMPANY

     Appellant

C.A. No.     30328

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2021-09-2785

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

---

STEVENSON, Judge.

**{¶1}** Defendant-Appellant, East Ohio Gas Company dba Dominion Energy Ohio ("DEO"), appeals the order of the Summit County Common Pleas Court denying its motion to dismiss for lack of subject matter jurisdiction. Appellees, Landmark 2 Limited Liability Company, et al. ("Landmark"), have moved this Court to dismiss the appeal for lack of a final order. DEO opposed the motion. We dismiss the attempted appeal for lack of jurisdiction.

I.

STATEMENT OF THE CASE

**{¶2}** On September 3, 2021, Landmark filed a class action lawsuit against DEO seeking compensation for natural gas that Landmark delivered to DEO's pipeline system. Landmark alleged that it, and other purported class members, inserts the gas produced from their wells into DEO's pipeline. Landmark claims that DEO only credited the suppliers who purchase gas from Landmark with a portion, not all, of the actual volume of gas that Landmark inserted into DEO's

pipeline system. Landmark accuses DEO of taking for its own use the extra gas that DEO allegedly received from Landmark but did not credit to the suppliers with whom Landmark had contracted.

{¶3} DEO filed a motion to dismiss on several grounds, including for lack of subject matter jurisdiction under Civ.R. 12(B)(1). DEO argued that the Public Utilities Commission of Ohio ("PUCO") maintains exclusive jurisdiction to resolve the claims.

{¶4} The trial court's order granted DEO's motion in part and denied it in part. With respect to subject matter jurisdiction, the trial court concluded that the PUCO does not possess jurisdiction over Landmark's claims and denied DEO's motion.

II.

MOTION TO DISMISS

{¶5} Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of judgments and final orders. R.C. 2505.02(B) sets forth various categories of orders that are defined as final. According to DEO, the order appealed is final under both R.C. 2505.02(B)(4) and R.C. 2505.02(B)(2).

{¶6} Generally, an order that denies a motion to dismiss is not a final order because a party may seek an appropriate remedy after a final judgment is entered. *Cooney v. Radostitz,* 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 15. *See generally Stewart v. Solutions Community Counseling and Recovery Centers, Inc.* 168 Ohio St.3d 96, 2022-Ohio-2522, ¶ 4.

{¶7} Furthermore, "[t]he rule that the denial of a motion to dismiss is not a final order applies with 'equal force' to motions that challenge personal jurisdiction and subject matter jurisdiction." *Cooney v. Radostitz* at ¶ 16; *see also, Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 24, citing *Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 21, citing *Lonigro v. Lonigro*, 55 Ohio App.3d 30, 31 (2d Dist.1989); *Digiantonio v.*

*Turnmire*, 173 Ohio App.3d 665, 2007-Ohio-6178, ¶ 19 (5th Dist.). Courts consistently hold that an order denying a motion to dismiss for lack of subject-matter jurisdiction is not a final order "because the absence of an immediate appeal does not foreclose appropriate relief in the future and does not determine the merits of the underlying claims." *Griffin v. Griffin*, 1st Dist. Hamilton No. C-170026, 2017-Ohio-8450, ¶ 9, quoting *Matteo v. Principe* at ¶ 19–23; *Lonigro* at 31; *Paulson v. Seifert*, 2d Dist. Greene No. 90 CA 115, 1993 WL 265416, *1 (July 16, 1993).

{¶8} Here, it is DEO's position that exclusive subject matter jurisdiction rests with the PUCO, and that it has the right not to participate in litigation before a tribunal without jurisdiction. DEO claims that the violation of this right cannot be remedied in a later appeal following adjudication on the merits. During oral argument, DEO also argued that it would be unnecessarily subjected to high litigation costs should it be forced to appeal after a trial on the merits and that judicial economy would be better served if an appeal could be immediately taken.

{¶9} First, DEO contends that the order appealed is final under R.C. 2505.02(B)(4) as an order denying a provisional remedy. Under that section, an order is final if it is:

> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} The purpose and goal of R.C. 2505.02(B)(4) is the "protection of one party against the irreparable harm by another party during the pendency of the litigation." *New Waste Concepts, Inc. v. Applegate Insulation LLC*, 6th Dist. Wood No. 2018-WD-0070, 2019-Ohio-283, ¶5, quoting

*Mansfield Family Restaurant v. CGS Worldwide, Inc.*, 5th Dist. Richland No. 00-CA-3, 2000 WL 1886226, *2 (Dec. 28, 2000).

**{¶11}** We need not decide, however, whether the order "denies a provisional remedy" because DEO has not demonstrated that it will be precluded the opportunity for a meaningful or effective remedy in an appeal after final judgment under R.C. 2505.02(B)(4)(b). A "meaningful or effective remedy" is considered unavailable if "[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage." *Katherine's Collection, Inc. v. Kleski*, 9th Dist. Summit No. 26477, 2013-Ohio-1530, ¶ 14 quoting *Gibson-Myers & Pearce*, 9th Dist. Summit No. 19358, 1999 WL 980562, *2 (Oct. 27, 1999). Thus, to be final under R.C. 2505.02(B)(4)(b), "relief after an appeal from a final judgment would be rendered ineffective or a delay in appealing would render appellate review moot." *Empower Aviation, L.L.C. v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, ¶ 21 (1st Dist.).

**{¶12}** Moreover, the authorities DEO cites in support of its argument under R.C. 2505.02(B)(4) are not factually analogous to this case and are easily distinguishable. Those cases involve situations where there was no way to ensure review absent immediate appeal, such as a violation of the Double Jeopardy clause, forced medication of a defendant in criminal matters, or a case involving the irremediable denial of a party's counsel of choice. *See State v. Muncie*, 91 Ohio St.3d 440, 447-452 (2001) (trial court's forced medication order requiring criminal defendant to take antipsychotic drugs necessary for him to be competent to stand trial was a final appealable order); *Westfall v. Cross*, 144 Ohio App.3d 211, 217-19 (7th Dist.2001)(trial court's unqualified denial of defendant's motion to admit attorney *pro hac vice* to serve as lead counsel a final order because it involved the denial of a provisional remedy that could not be effectively reviewed following a final judgment on the merits); *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542,

¶ 55-59 (forcing a defendant to participate in another trial "cannot be remedied by a subsequent acquittal in the trial court or by the reversal of any conviction through appeal after trial").

{¶13} Further, as this Court and others have already established, the rule that a dismissal for lack of subject matter jurisdiction is not a final appealable order "holds true even in circumstances where, as here, there is a potential for high litigation costs." *Total Quality Logistics v. Johnson*, 12th Dist. Clermont No. CA2021-07-039, 2022-Ohio-428, ¶ 11; *see also Katherine's Collection* at ¶ 13 ("[a] delay in obtaining monetary relief is the necessary consequence of most civil litigation and that delay does not render the ultimate remedy ineffective or unmeaningful under R.C. 2505.02(B)(4)(b)"), citing *State ex rel. Kingsley v. State Emp. Relations Bd.*, 130 Ohio St.3d 333, 2011-Ohio-5519, ¶ 20 (emphasizing, within the analogous context of a mandamus action, that the delay and expense necessitated by an administrative appeal did not render that remedy inadequate).

{¶14} Therefore, we are not persuaded that the order appealed subjects DEO to a risk of irreparable harm during the pendency of the litigation such that the ultimate decision would be meaningless. Rather, DEO may appeal in the normal course after the litigation has concluded, and, therefore, the trial court's exercise of jurisdiction would not constitute the "bell that cannot be unrung." *Katherine's Collection* at ¶ 14.

{¶15} For the same reasons, we are unpersuaded that the order is immediately appealable under R.C. 2505.02(B)(2). Under that provision, an order is final if it "affects a substantial right made in a special proceeding * * *." An order "affects a substantial right," however, only if the appellant would be precluded appropriate future relief absent an immediate appeal. *Southside Community Develop. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7. As set forth above, DEO has not demonstrated that effective relief would be unavailable without an immediate

appeal. Furthermore, subject matter jurisdiction may be challenged after final judgment. *Griffin*, 2017-Ohio-8450 at ¶ 9. Consequently, the order appealed also fails to satisfy the requirements of R.C. 2505.02(B)(2).

**{¶16}** Based on the foregoing, we conclude that the trial court's order denying DEO's motion to dismiss is not final and appealable and that we are without jurisdiction to hear this appeal.

III.

CONCLUSION

**{¶17}** Landmark's motion to dismiss is granted, and this appeal is dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ADRIAN D. THOMPSON and JULIE A. CROCKER, Attorneys at Law, for Appellant.

GREGORY J. KROCK, Attorney at Law, for Appellant.

MARSHAL M. PITCHFORD, Attorney at Law, for Appellee.

R. ALLEN SMITH, Attorney at Law, for Appellee.

ANDREW S. LEVETOWN, Attorney at Law, for Appellee.

STEVEN T. WEBSTER, Attorney at Law, for Appellee.