[Cite as *Tax Ease OH IV., L.L.C. v. Osmic*, 2023-Ohio-2925.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

TAX EASE OH IV, LLC,

      Plaintiff-Appellee,

    - vs -

KIMBERLY S. OSMIC a.k.a.
KIMBERLY OSMIC, et al.,

      Defendant-Appellant.

CASE NO. 2023-L-066

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CF 000638

---

# MEMORANDUM
# OPINION

Decided: August 21, 2023
Judgment: Appeal dismissed

---

*Austin B. Barnes*, *III*, Sandhu Law Group, LLC, 1213 Prospect Avenue, Suite 300, Cleveland, OH 44115 (For Plaintiff-Appellee).

*Kimberly S. Osmic*, pro se, 8380 King Memorial Road, Cleveland, OH 44060 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellee, Tax Ease OH IV, LLC, initiated this action against appellant, Kimberly S. Osmic, and other defendants for a foreclosure judgment. Appellant filed two separate motions to dismiss. The trial court denied appellant's motions to dismiss and returned the case to the active docket on June 2, 2023. The instant appeal ensued.

{¶2} On June 26, 2023, this court issued an entry indicating that there did not appear to be a final appealable order and instructing appellant to show cause why the appeal should not be dismissed. Appellant filed a response on July 12, 2023.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} In general, denials of motions to dismiss are not final appealable orders. *Alcon Mechanical Piping, Inc. v. Austin Rubber Co., LLC*, 11th Dist. Trumbull No. 2018-T-0105, 2019-Ohio-1406, at ¶ 4. Here, the trial court's order does not fit within any of the categories of R.C. 2505.02(B). The only ruling that has been made so far is the trial court's denial of appellant's motions to dismiss, which did not resolve the issues between the parties. Appellant will have an opportunity to advance her arguments upon resolution of all claims in the underlying case. We therefore discern no need for immediate review.

{¶5} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

{¶6} Appeal dismissed.

JOHN J. EKLUND, P.J.,
MARY JANE TRAPP, J.,
concur.

2

Case No. 2023-L-066