[Cite as *Piero-Silagy v. Baker*, 2024-Ohio-2867.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

ANNE PIERO-SILAGY, ESQ.,
GUARDIAN,

               Plaintiff-Appellee,

    - vs -

RICHARD L. BAKER,

               Defendant-Appellant.

**CASE NO. 2024-P-0038**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 00349

---

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: July 29, 2024
Judgment: Appeal dismissed

---

*Robert E. Soles, Jr.* and *Kara M. Dodson*, Law Offices of Robert E. Soles, Jr., Co., LPA, 6545 Market Avenue North, North Canton, OH 44721 and *John J. Rambacher*, Washington Square Office Park, 6545 Market Avenue North, Suite 200, North Canton, OH 44721 (For Plaintiff-Appellee).

*Craig T. Conley*, 1312 Fourth Street, S.E., Canton, OH 44707 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}   Appellee, Anne Piero-Silagy, Esq., Guardian, filed a four-count complaint against appellant, Richard L. Baker, for financial exploitation, conversion, constructive trust and declaratory judgment and unjust enrichment. Appellant filed a motion to dismiss. The trial court denied appellant's motion. The instant appeal ensued.

{¶2}   Appellee filed a motion to dismiss the appeal, alleging that there is no final appealable order. Appellant filed opposition to the motion.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 2003-Ohio-6241, ¶ 3 (11th Dist.). If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838, ¶ 3 (11th Dist.).

{¶4} This court has held that a denial of a motion to dismiss is not a final appealable order. *Tax Ease OH IV, LLC v. Osmic*, 2023-Ohio-2925, at ¶ 4 (11th Dist.). In the instant matter, the trial court's entry does not fit within any of the categories of R.C. 2505.02(B). The only ruling that has been made so far is the trial court's denial of appellant's motion to dismiss, which did not resolve the issues between the parties. Appellant will have an opportunity to advance his arguments upon the resolution of all claims in the underlying case. This court is without jurisdiction to consider this appeal.

{¶5} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and this appeal is dismissed due to lack of a final appealable order.

{¶6} Appeal dismissed.


MARY JANE TRAPP, J.,
JOHN J. EKLUND, J.,
concur.

2

Case No. 2024-P-0038